■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERBERT H. WHITE, Appellant. — Appeal by defendant, as limited by his brief, from a sentence of the Supreme Court, Westchester County (Rubin, J.), imposed December 14, 1981, upon his conviction of rape in the first degree, robbery in the first degree and attempted robbery in the first degree, on a plea of guilty, the sentence being two indeterminate prison terms of 8 to 16 years and an indeterminate prison term of 7½ to 15 years, with all terms to run concurrently, upon his adjudication as a second felony offender. Sentence reversed, on the law, defendant's adjudication as a second felony offender vacated, and matter remitted to the Supreme Court, Westchester County, for resentencing pursuant to CPL 440.20. On or about December 1, 1975 defendant was convicted in the Circuit Court, City of Lynchburg, Virginia, of the felonies of statutory burglary in the second degree and grand larceny in the second degree. His adjudication as a second felony offender was based upon the Virginia convictions which the court deemed to constitute the equivalent of burglary in the third degree, a class D felony (Penal Law, § 140.20). The Virginia grand larceny statute under which defendant was convicted required that the value of the property taken from the person of another have a value of at least $5 or that the value of property taken from other than the person of another have a value of at least $200. In New York, to constitute the felony of larceny in the third degree, it must be established that the value of the stolen property exceeds $250 (Penal Law, § 155.30, subd 1). Moreover, the Virginia burglary

statutes contain no requirement that a defendant *knowingly* enter or remain unlawfully in a building. In contrast, in New York, a culpable mental state is a key element of the felony of burglary in the third degree. Inasmuch as the elements of the Virginia crimes of which defendant stands convicted do not coincide with their New York counterparts, said crimes do not constitute offenses punishable as felonies in New York. Where a prior crime of which a defendant has been convicted would not have constituted a felony under New York law, it was improper to have sentenced him as a second felony offender, notwithstanding the fact that the issue had not been raised prior to the time of sentencing (*People v Capucci,* 94 AD2d 746; *People v Ostin,* 62 AD2d 1004). Accordingly, the sentence imposed December 14, 1981 is reversed, defendant's adjudication as a second felony offender is vacated and the matter is remitted for resentencing. O'Connor, J. P., Weinstein, Bracken and Boyers, JJ., concur.