■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEJANDRO FRANQUI, Appellant.—Judgment, Supreme Court, New York County (Solomon H. Katz, J.), rendered September 30, 1983, convicting defendant, after a jury trial, of robbery in the first degree, attempted assault in the second degree, reckless endangerment in the second degree and criminal possession of a weapon in the second degree, and sentencing him as a predicate felon to two indeterminate terms of imprisonment of 5 to 10 years and indeterminate term of 2 to 4 years and a definite term of one year, all concurrent, affirmed.

Following a hearing, defendant was sentenced as a second felony offender on the basis of a prior 1974 Florida conviction for breaking and entering. The sole issue raised by appellant is his claim that he should not have been sentenced as a predicate felon because his conviction on a plea of guilty to breaking and entering in Florida, in violation of the Florida burglary statute (Fla Stats Ann former § 810.05), was not for a crime that would be a felony in New York. To the contrary, a review of the Florida authorities establishes that "breaking" under the former Florida statute definitely implies the requisite elements of knowledge and lack of consent. These are critical elements of New York's third degree burglary contained in Penal Law § 140.20. Thus, the Florida crime of breaking and entering under its former section 810.05 is the functional equivalent of New York's burglary in the third degree.

Furthermore, *People v White* (96 AD2d 541), involving a

prior Virginia conviction of statutory burglary in the second degree, is distinguishable. In this case, unlike the situation in *White,* the Florida authorities establish that the Florida courts have construed the former Florida statute in such a manner to conclude that Florida's breaking and entering statute contained the same critical elements as New York's third degree burglary (Penal Law § 140.20). Therefore, we find that defendant was properly sentenced as a second felony offender. Concur—Murphy, P. J., Sullivan, Carro, Milonas and Kassal, JJ.