■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRUCE ALSTON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Lange,

J.), rendered November 29, 1984, convicting him of sodomy in the first degree, robbery in the first degree, robbery in the second degree, burglary in the first degree (two counts), unlawful imprisonment in the first degree, and assault in the second degree, upon a jury verdict, and imposing sentence as a second violent felony offender. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain evidence.

Ordered that the judgment is affirmed.

The defendant initially argues that an exculpatory statement made by him to the police immediately after his arrest should have been suppressed since his arrest was illegal. Because this ground for suppression was not raised at the hearing and the People were not given an opportunity to adduce evidence to counter this assertion, the defendant may not now be heard to complain on appeal (see, People v Tutt, 38 NY2d 1011). In any event, the arrest was not illegal and the defendant was sufficiently apprised of the charges against him (see, CPL 140.15 [2]).

Upon the exercise of our factual review power, we conclude that the defendant's guilt was proven beyond a reasonable doubt and that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]). With respect to the issue of identification, the victim testified that even though her attacker attempted to disguise his voice, she recognized it to be that of the defendant, with whom she had been speaking only hours earlier. She was able to give a general description which fit the defendant. A photograph of the defendant taken soon after his arrest was admitted into evidence in which he was wearing clothing similar to that of the victim's attacker. While the defendant now argues that the postarrest photograph was improperly admitted into evidence, the issue is not preserved for review (see, People v Love, 57 NY2d 1023; People v Nuccie, 57 NY2d 818). In any event, it was highly relevant to the issue of identification and was properly admitted (see, People v Stroud, 121 AD2d 484, lv denied 68 NY2d 817). The defendant's objections to the identification charge, which he contends prejudiced the jury, are not preserved since at trial the defense only raised a general objection to the court's failure to use its requested language. In any event, the charge that was given was more than adequate (see, People v Whalen, 59 NY2d 273), and it was, therefore, not error for the court to refuse to charge the language requested by the defendant (see, People v Dory, 59 NY2d 121, 129; People v Compitiello, 118 AD2d 720, lv denied 67 NY2d 941).

The defendant further seeks reversal based upon the destruction of the voir dire minutes from his trial. However, the minutes were properly destroyed pursuant to Judiciary Law § 297, and the defendant's claim does not, therefore, warrant reversal *(see, People v Mirenda,* 57 NY2d 261, 267). In any event, our review of the affidavits submitted by the defendant in support of his claim that the People used their peremptory challenges in violation of *Batson v Kentucky* (476 US 79) indicates that there was no purposeful discrimination.

The defendant was also properly adjudicated a second violent felony offender based upon his pleas of guilty in Connecticut to assault in the second degree and attempted robbery in the first degree. In *People v Gonzalez,* (61 NY2d 586), the Court of Appeals instructed that to determine whether a crime committed in a sister State is equivalent to a New York felony, the court must examine the elements of the out-of-State statute and compare them to an analogous felony in the New York Penal Law.

The defendant urges that a comparison of analogous statutes indicates that the elements are not the same. However, the claim was not raised at the hearing and, thus, is unpreserved for appellate review *(see, People v Oliver,* 63 NY2d 973). Moreover, a comparison of the statutes indicates otherwise *(compare,* Conn Gen Stat Annot §§ 53a-60, 53a-134, 53a-49, *with* Penal Law §§ 120.05, 160.15, 110.00). In addition, the defendant's guilty pleas were constitutionally obtained *(see, People v Harris,* 61 NY2d 9).

Finally, we have reviewed the defendant's remaining contentions and find them to be either unpreserved for review or without merit. Mollen, P. J., Brown, Rubin and Spatt, JJ., concur.