THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GIACOMO MARCHESE, Appellant.

The defendant was convicted of selling over 16 ounces of heroin to an undercover officer on December 2, 1983, and

another 18 ounces of heroin to the same undercover officer on January 13, 1984.

On appeal the defendant argues that the trial court violated his due process rights as well as the mandatory requirements of CPL 310.30 when, upon receipt of the deliberating jury's note asking for a definition of "entrapment", the court failed to summon the jury to the courtroom for further instructions. It was unclear whether or not the defendant was present in the courtroom when the jury's inquiry was received. The defendant further submits that he was prejudiced by the prosecutor's improper "vouching" for his main witness during summation.

The defendant's allegations are without merit. By its plain language CPL 310.30 requires that a jury's request for further instruction, be it on the law, the evidence or "other matter", must be *"pertinent* to the jury's consideration of the case" (emphasis supplied) before it triggers a court's obligation to reassemble the jury in the courtroom and issue further instructions in the defendant's presence. The trial court in the instant case quite properly sent a note to the deliberating jury advising it that "entrapment" was not "pertinent" to its "consideration of the case", since this defense had never been raised or even alluded to in any of the testimony. "Entrapment" was, in fact, inimical to the defense counsel's trial strategy, which sought to establish that the defendant was entirely innocent of all charges of drug possession and sale, and it is clear from the record that retained counsel afforded the defendant meaningful representation *(see, People v Satterfield,* 66 NY2d 796, 799-800). As part of this strategy, the defense counsel explicitly waived the reassembling of the jury upon receipt of its inquiry regarding entrapment, and urged the court simply to respond in writing that entrapment was not an issue. It is not clear from the record whether or not the defendant was absent from the courtroom during these proceedings, nor has the defendant come forward with any "substantial evidence" to rebut "the presumption of regularity" that official proceedings enjoy *(People v Richetti,* 302 NY 290, 298; *see, People ex rel. Bartlam v Murphy,* 13 NY2d 1068, 1069, *application to amend remittitur denied* 14 NY2d 548). However, even assuming that the defendant was absent, it cannot be said that he missed a material part of his trial, since the court gave the jury no "instruction" except that it declined to instruct on a defense not "pertinent" to the jury's consideration of the case *(see, People v Mehmedi,* 69 NY2d 759, *rearg denied* 69 NY2d 985).

The defense counsel voiced no objection to the prosecutor's summation, so that the issue of whether or not the prosecutor improperly vouched for the People's main witness is unpreserved for appellate review (see, People v Medina, 53 NY2d 951; People v Oakley, 114 AD2d 473, lv denied 66 NY2d 921). In any event, by exhorting the jury to consider certain rather equivocal audio and videotapes as corroborative of the testimony of that witness, the prosecutor stayed squarely within " 'the four corners of the evidence' " (People v Ashwal, 39 NY2d 105, 109, quoting Williams v Brooklyn El. R. R. Co., 126 NY 96, 103), and delivered a fair response to remarks made by the defense counsel in his summation (People v Anthony, 24 NY2d 696, 703-704, rearg denied sub nom. People v Batten, 25 NY2d 647; People v Hayes, 116 AD2d 737, lv denied 67 NY2d 884). In any case, an isolated comment can hardly be said to have tainted the entire trial (see, People v Patterson, 121 AD2d 406, lv denied 68 NY2d 759), particularly in light of the overwhelming evidence of the defendant's guilt (see, People v Roopchand, 107 AD2d 35, affd 65 NY2d 837). Bracken, J. P., Lawrence, Rubin and Kooper, JJ., concur.