■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE MORALES, Appellant.—Appeal by the defendant, as

limited by his brief, from two sentences of the County Court, Suffolk County (Namm, J.), both imposed May 19, 1986, upon his conviction of burglary in the second degree (3 counts, 1 count under indictment No. 1865/85; 2 counts under indictment No. 1904/85), upon his pleas of guilty, the sentences being three indeterminate terms of 4 to 8 years' imprisonment as a second felony offender, to run concurrently.

Ordered that the sentences are affirmed.

For the purpose of adjudicating the defendant a second felony offender, the sentencing court employed as a predicate his 1982 Florida convictions for burglary (two counts), attempted burglary and grand theft. The defendant contends that the court improperly used those convictions as predicates because they do not constitute felonies in New York (see, Penal Law § 70.06 [1] [b] [i]; People v Gonzalez, 61 NY2d 586).

Initially we note that this issue has not been preserved for appellate review, as the defendant failed to raise this contention before the sentencing court (see, People v Oliver, 63 NY2d 973; People v Alston, 134 AD2d 433; People v Tantau, 143 AD2d 954 [decided herewith]). In any event, a review of the statutory definitions of at least two of the underlying offenses in conjunction with a reading of the Florida information reveals that they constitute felonies in New York and thus, were properly used as predicates (see, Penal Law § 70.06 [1] [b] [i]; People v Gonzalez, supra). Specifically, under Florida Statutes § 810.02 (1) burglary "means entering or remaining in a structure or a conveyance with the intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is licensed or invited to enter or remain". Turning to the Florida information to narrow the basis for the defendant's conviction (see, People v Gonzalez, supra), we find that under counts one and three thereof the defendant was charged with attempted burglary and burglary, respectively, in that he attempted to enter and did enter a dwelling with intent to commit a theft therein. This tracks the definitions of attempted burglary and burglary in the third degree, which are class E and D felonies, respectively, under Penal Law §§ 110.00 and 140.20, which require that one attempts to or does knowingly enter or remain unlawfully (without license or invitation) in a building (a dwelling) with intent to commit a crime (theft) therein. Thus, the defendant was properly sentenced as a second felony offender. Mollen, P. J., Brown, Kunzeman, Weinstein and Kooper, JJ., concur.