The defendant claims that the lineup at which he was identified by the victim was unduly suggestive because 3 of the 4 fillers had mustaches and he was never described by the victim as having a mustache. Under the totality of the circumstances, we conclude that the lineup was not unduly suggestive (see, Stovall v Denno, 388 US 293). There is no requirement that a defendant in a lineup must be surrounded by persons nearly identical to him in appearance (see, People v Mattocks, 133 AD2d 89, 90; People v Rodriguez, 124 AD2d 611, 612). The fillers in the defendant's lineup were of the defendant's age with similar complexions and haircuts. The lineup was not rendered suggestive merely because three of these men sported light mustaches.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

We have examined the defendant's other contentions and find them to be without merit (see, County Ct. v Allen, 442 US 140, 155-163; People v McKenzie, 67 NY2d 695, 696-697; cf., People v Crenshaw, 202 Misc 179, 183). Mollen, P. J., Mangano, Kooper and Spatt, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE GONZALEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Pincus, J.), rendered September 16, 1986, convicting him of reckless endangerment in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt and to disprove his defense of justification beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

The defendant's challenge to the trial court's submission of

reckless endangerment in the second degree as a lesser included offense of attempted assault in the first degree is not preserved for appellate review *(see,* CPL 300.50 [1]; *People v Ford,* 62 NY2d 275). Defense counsel's mere statement at the conclusion of the trial court's charge to the effect that he neither requested nor consented to the submission of the reckless endangerment count was inadequate for this purpose, as no specific factual or legal argument was advanced for the court's consideration. Moreover, under the circumstances of this case, we decline to address the merits of the defendant's contention in the exercise of our interest of justice jurisdiction. Mangano, J. P., Brown, Eiber and Sullivan, JJ., concur.