■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE MOORE, Appellant.—Appeal by the defendant from a

judgment of the Supreme Court, Kings County (Quinones, J.), rendered June 3, 1987, convicting him of rape in the first degree and assault in the second degree (two counts), upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant, at the time of sentencing, claimed that he was under the influence of drugs and alcohol at the time of commission of the crimes and that he had been taking medication at the time of the plea allocution. In response to these allegations, the court inquired as to whether the prosecution would be prepared to proceed to trial. Defense counsel, however, immediately interjected that the defendant was not maintaining his innocence but was merely requesting that he be permitted to see a psychiatrist to determine whether he was fit to proceed.

Because the defendant did not seek to withdraw his plea before the court of first instance, his claim that the plea should now be vacated is unpreserved for appellate review (see, People v Pellegrino, 60 NY2d 636). In any event, the record reveals that the defendant rejected the court's offer to allow him to proceed to trial. Thus, there is no merit to his assertion that the court deprived him of the opportunity to contest his guilt based upon his alleged intoxication at the time of the commission of the crime.

We further find that the record belies the defendant's assertion that he did not understand the nature or significance of the plea proceedings (see generally, People v Arnold, 113 AD2d 101). The defendant acknowledged, in response to questions posed by the court, that he was physically and mentally fit to proceed; that he had discussed the plea with his attorney; that the plea was not a product of force or coercion and that he was pleading guilty because he was, in fact, guilty. Accordingly, the court permitted him to plead guilty to three counts in full satisfaction of the 174-count indictment which had been returned against him. In view of the foregoing, we find that the court did not improvidently exercise its discretion in denying the defendant's request for an examination pursuant to CPL article 730, nor is there a basis in the record to disturb the plea which, by all objective standards, was made knowingly, voluntarily and intelligently (see, People v McGarrity, 130 AD2d 793, lv denied 70 NY2d 714; People v Inch, 127 AD2d 851). Thompson, J. P., Kunzeman, Eiber, Spatt and Balletta, JJ., concur.