◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHNNIE DAVIS, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Colabella, J.), rendered September 19, 1988, convicting him of burglary in the second degree (three counts), grand larceny in the fourth degree (three counts), criminal possession of stolen property in the fourth degree (three counts), criminal mischief in the third degree, and criminal mischief in the fourth degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law and as a matter of discretion in the interest of justice, by reducing the defendant's convictions of grand larceny in the fourth degree (three counts) to petit larceny (three counts) and criminal possession of stolen property in the fourth degree (three counts) to criminal possession of stolen property in the fifth degree (three counts), and vacating the sentences imposed; as so modified, the judgment is affirmed, and the matter is remitted to the County Court, Westchester County, for resentencing and for further proceedings pursuant to CPL 460.50 (5).

Given the limited potential for prejudice occasioned by the testimony relating to the police surveillance of the defendant on the day before the commission of the instant crimes, and

the strong probative value of that testimony on the issue of identity, the trial court's denial of the defendant's motion *in limine* to preclude the testimony did not constitute an improvident exercise of discretion *(see, People v Ventimiglia,* 52 NY2d 350, 359; *People v Polizzi,* 150 AD2d 616).

During the course of its deliberations the jury requested certain exhibits. The record indicates that when the jury was brought into the courtroom so that its request could be clarified and responded to, "all parties [were] present". As the defendant has not "come forward with any 'substantial evidence' to rebut 'the presumption of regularity' that official proceedings enjoy" *(People v Marchese,* 140 AD2d 547, 548, quoting from *People v Richetti,* 302 NY 290, 298), his contention that he was denied his right to be present under CPL 310.30 is without merit.

However, as the People concede, the evidence adduced at trial was legally insufficient to establish the value of the stolen property at the time of the crimes *(see, People v James,* 111 AD2d 254, *affd* 67 NY2d 662; *People v Jackson,* 111 AD2d 253).* Therefore, the convictions for grand larceny in the fourth degree and criminal possession of stolen property in the fourth degree cannot stand, and have been modified accordingly. We recognize that this argument has not been preserved as a matter of law, as it was not made with specificity before the trial court by the defendant's attorney *(see, People v Bynum,* 70 NY2d 858, *affg* 125 AD2d 207; *People v Colavito,* 70 NY2d 996, *affg* 126 AD2d 554). However, given that this issue was called to the trial court's attention by the codefendant's attorney, and due to the fundamental nature of this contention, we are considering it in the exercise of our interest of justice jurisdiction *(see, People v Bailey,* 146 AD2d 788).

We have considered the defendant's remaining contention and find it to be without merit. Brown, J. P., Kooper, Harwood and Rosenblatt, JJ., concur.