■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KERMIT GLENDY, Also Known as ROBERT MULLINS, Appellant. —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marano, J.), rendered March 28, 1980, as amended April 27, 1983, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment, as amended, is affirmed.

We find no merit to the defendant's contention that his conviction should be reversed based upon the absence of certain transcripts of his trial and pretrial hearings. The court stenographers had no duty, according to the law at that time, to retain the original stenographic notes more than two years after the defendant's conviction (Judiciary Law § 297) and the unavailability of the notes did not result from any fault of the People but rather from the defendant's willful and unexcused absence from the jurisdiction *(see, People v Mirenda,* 57 NY2d 261; *People v Suren,* 131 AD2d 896).

We further find that testimony taken at the reconstruction hearing sufficiently demonstrated that the defendant had

voluntarily forfeited his right to appear at his trial by absconding after the first day of the trial (see, People v Sanchez, 65 NY2d 436). Under such circumstances, it is of no consequence that the records available do not reflect that the defendant was warned that he would be tried in absentia if he failed to appear as, under the circumstances, no such warning was required (see, Taylor v United States, 414 US 17; People v Smith, 68 NY2d 725; People v Sanchez, supra).

Moreover, during the reconstruction hearing ordered by this court, the Trial Judge stated that he would not have started a trial without first giving Parker warnings (see, People v Parker, 57 NY2d 136) and that he was certain he gave the warnings at some time prior to the trial. He added that he remembered that the defense counsel had made a motion requesting that the court not try the defendant in absentia, but that he had denied the motion because the defendant had been warned that he would be tried in absentia if he absconded.

We have considered the defendant's remaining contentions and find them to be without merit. Mangano, J. P., Brown, Kunzeman and Kooper, JJ., concur.