■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK BRUNO, Appellant.—Appeal by the defendant from a

judgment of the County Court, Westchester County (Martin, J.), rendered October 7, 1985, convicting him of robbery in the first degree (three counts), robbery in the second degree and criminal possession of stolen property in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that he was denied his constitutional right to effective assistance of counsel, which is based upon the fact that his attorney failed to make a pretrial omnibus motion and to request that the trial court instruct the jury as to the affirmative defense to robbery in the first degree set forth in Penal Law § 160.15 (4), is without merit. These alleged failures can be legitimately explained as strategic in nature, and thus may not be equated with ineffectiveness (see, People v Rivera, 71 NY2d 705, 709; People v Baldi, 54 NY2d 137). In any event, "the evidence, the law and the circumstances of [this] case, viewed together and as of the time of representation, reveal that meaningful representation was provided" (People v Satterfield, 66 NY2d 796, 798-799). Therefore, the defendant was not denied effective assistance of counsel.

Also without merit is the defendant's contention that the destruction of the stenographic minutes of the voir dire and the pretrial motions effectively deprived him of his "fundamental right" to appellate review (see, People v Montgomery, 24 NY2d 130, 132). Those minutes were properly destroyed pursuant to Judiciary Law § 297 (see, People v Mirenda, 57 NY2d 261, 267; People v Alston, 134 AD2d 433, 435). In any event, the defendant has failed to meet his burden of establishing "that a legal issue exists with regard to his appeal which cannot be resolved by the record as reconstructed" (People v Johnson, 145 AD2d 572, 573; People v Glass, 43 NY2d 283).

The defendant's contention that the trial court erred in sua sponte reducing one of the counts of robbery in the first degree with which he was charged to robbery in the second degree is unpreserved for appellate review (see, People v Ford, 62 NY2d 275; People v Gonzalez, 150 AD2d 603), and, under the circumstances of this case, we decline to review it in the interest of justice.

Finally, the defendant's contention that the sentence imposed is excessive is without merit (see, People v Suitte, 90 AD2d 80). Mangano, P. J., Brown, Sullivan and Balletta, JJ., concur.