■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUTHER SANFORD, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Browne, J.), rendered July 25, 1986, convicting him of robbery in the first degree, robbery in the third degree, criminal possession of stolen property in the second degree, criminal possession of stolen property in the third degree, criminal possession of a weapon in the fourth degree, assault in the third degree, and resisting arrest, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed. ·

The defendant was adjudicated a second felony offender based upon a 1977 conviction for burglary in the second degree in Tennessee. The defendant contends for the first time on appeal that the elements of the Tennessee statute, pursuant to which he virtually concedes he was validly convicted *(see,* CPL 400.21 [3], [7] [b]), are not sufficiently analogous to any New York statute to justify the determination that the conviction in Tennessee is a predicate felony *(see,* Penal Law § 70.06 [1] [b] [i]; *see also, People v Gonzalez,* 61 NY2d 586). Since that claim was not raised before sentencing, it is unpreserved for appellate review *(see, People v Morales,* 143 AD2d 949; *People v Alston,* 134 AD2d 433). In any event, the elements of the Tennessee statute as it existed until 1989 are the virtual equivalent of the New York State burglary statute *(see,* 7 Tenn Code Annot former § 39-3-403; Penal Law §§ 140.20, 140.25 [2]). The adjudication of the defendant as a second felony offender was therefore proper.

We have examined the defendant's remaining contentions, including the contention that his sentence is excessive, and find them to be without merit *(see, People v Suitte,* 90 AD2d 80). Thompson, J. P., Kunzeman, Harwood and Miller, JJ., concur.