■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUSSELL HOLDER, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Cowhey,

J.), rendered May 29, 1985, convicting him of murder in the second degree (two counts), upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's assertions, the sentencing court properly exercised its discretion in denying his application to withdraw his guilty plea *(see, People v Ellis,* 163 AD2d 611; *People v Moore,* 150 AD2d 807; *People v Gardner,* 150 AD2d 722; *People v Orr,* 144 AD2d 391). The record amply demonstrates that the defendant knowingly, voluntarily and intelligently entered his guilty plea *(see, People v Harris,* 61 NY2d 9; *see also, People v Jackson,* 140 AD2d 713; *People v Melendez,* 135 AD2d 660). Nor does the record support the defendant's assertion that he was denied the effective assistance of counsel *(see, People v Nicholls,* 157 AD2d 1004; *People v Napoli,* 145 AD2d 655; *People v Saggese,* 135 AD2d 669).

Having freely and knowingly withdrawn all motions, pending or decided, as part of his plea bargain, the defendant may not now seek appellate review of the hearing court's rulings on his suppression motion *(see, People v Middleton,* 163 AD2d 615; *People v Sampson,* 156 AD2d 492; *People v Reyes,* 156 AD2d 397). In any event, even if the issues were reviewable upon appeal, we would hold that the initial stop of the defendant by the police was not unlawful *(see, People v Reddick,* 124 AD2d 609; *People v Olsen,* 93 AD2d 824), and the defendant's confession was not obtained in violation of his right to counsel *(see, People v Bing,* 76 NY2d 331).

Finally, the defendant's contention with respect to the missing transcript of the voir dire of the jury and opening statements is without merit *(see,* Judiciary Law § 297; *People v Bruno,* 161 AD2d 778; *People v Acevedo,* 104 AD2d 946). Brown, J. P., Kunzeman, Eiber and Balletta, JJ., concur.