■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR PICHARDO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Aiello, J.), rendered October 19, 1988, convicting him of murder in the second degree, attempted murder in the second degree, assault in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

After witnessing his nephew's involvement in a heated argument, the defendant departed the scene of the dispute, but then returned with a weapon and shot two of the men with whom his nephew had argued. One of the men subsequently died. Although at trial the defendant took the stand and denied involvement in the shootings, the jury convicted him, among other things, of murder in the second degree.

On appeal, the defendant contends, *inter alia,* that the trial court "conducted material portions of [his] trial in his absence". We disagree. A presumption of regularity attaches to official court proceedings, which imposes upon a defendant the burden of coming forward with substantial evidence to rebut that presumption *(see, e.g., People v Richetti,* 302 NY 290; *People v Davis,* 151 AD2d 596, 597; *People v Marchese,* 140 AD2d 547). Although during trial, the court clerk did not, on certain occasions, ministerially record that the defendant was present in the courtroom, the defendant offers no additional evidence supporting his conclusory assertion that he was absent on the days in question and has thereby failed to rebut the presumption of regularity which attached to the proceedings *(see, e.g., People v Butchino,* 152 AD2d 854, 856; *People v Davis, supra).*

The record belies the defendant's contention that he was entitled to a justification charge. It is well settled that a court need not charge the defense of justification if no reasonable view of the evidence establishes the elements of the defense *(see, People v Reynoso,* 73 NY2d 816, 818; *People v Watts,* 57 NY2d 299; *People v Stamen,* 163 AD2d 499; *People v Russell,* 161 AD2d 815; *People v Douglas,* 160 AD2d 1015). Examining the record in a light most favorable to the defendant, we conclude that there was no evidence which would support a

finding that the defendant was faced with the imminent use of deadly physical force *(see,* Penal Law § 35.15 [2] [a]). Indeed, it was the defendant's position at trial that he was not involved in the shootings at all, and there was no additional evidence adduced which might otherwise support the submission of a justification charge to the jury *(see, People v Reynoso, supra; People v Pizarro,* 154 AD2d 409, 410).

We have reviewed the defendant's remaining contentions and find them to be without merit. Lawrence, J. P., Kooper, Sullivan and Rosenblatt, JJ., concur.