■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD DUNAVIN, Appellant.—Mercure, J. Appeal from a judgment of the County Court of Rensselaer County (Harris, J.), rendered June 7, 1990, upon a verdict convicting defen-

dant of the crimes of sexual abuse in the first degree (three counts) and endangering the welfare of a child (two counts).

Defendant was indicted by a Grand Jury for several offenses arising out of incidents involving two seven-year-old girls, Angela and Michelle, and a 10-year-old girl, Christy. Following trial, defendant was convicted of three counts of sexual abuse in the first degree and two counts of endangering the welfare of a child. Defendant was sentenced to consecutive prison terms of 2⅓ to 7 years on the sexual abuse convictions and one year on the remaining convictions. This appeal followed.

Initially, defendant's challenge to County Court's submission of sexual abuse in the first degree as a lesser included offense of sodomy in the first degree *(see, People v Ford, 76 NY2d 868)* is not preserved for appellate review because defendant failed to take exception to the court's charge *(see, CPL 300.50 [1]; People v Ford, 62 NY2d 275; People v Gonzalez, 150 AD2d 603)*. Moreover, under the circumstances of this case, we are not persuaded to reverse defendant's conviction in the exercise of our interest of justice jurisdiction.

We also reject defendant's contention that counts three and six of the indictment, charging endangering the welfare of a child, are duplicitous *(see, CPL 200.30 [1])*. This crime may be committed either by one act or by multiple acts and may be readily classified as a continuing offense over a period of time *(People v Keindl, 68 NY2d 410, 421; see, People v Conte, 159 AD2d 993, 994, lv denied 76 NY2d 733; People v Tolle, 144 AD2d 963, 964, lv denied 73 NY2d 927)*. Because "a defendant may be guilty of this crime by virtue of a series of acts" *(People v Keindl, supra,* at 421), the counts charging a violation of Penal Law § 260.10 (1) are not defective as a matter of law.

Defendant next argues that the convictions were not supported by legally sufficient evidence and that the trier of fact has failed to give the evidence the weight it should be accorded. We disagree. Viewing the evidence in the light most favorable to the People *(see, People v Contes, 60 NY2d 620, 621)*, we find that it was legally sufficient. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see, CPL 470.15 [5]; People v Bleakley, 69 NY2d 490, 495)*. Minor inconsistencies in the testimony of witnesses present questions of credibility to be determined by the trier of fact *(see, People v Di Girolamo, 108 AD2d 755, lv denied 64 NY2d 1133)* and its

determination should not be disturbed on appeal unless it is clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88).

In our view, County Court properly examined Angela and concluded that the child understood the nature of an oath. Moreover, by failing to object at trial, defendant waived the issue of whether additional evidence was required to corroborate her testimony *(see, People v Josey,* 131 AD2d 699, *lv denied* 70 NY2d 800). Accordingly, Angela's testimony was sufficient to establish every element of sexual abuse in the first degree under count two of the indictment. Christy's testimony provided the requisite proof under counts four and five and corroborated Angela's testimony under count two *(see,* Penal Law § 130.65 [3]; § 130.00 [3]). Additionally, the People introduced medical evidence of tears in the hymens of both Angela and Christy, which two physicians testified could have been caused by digital penetration. Further, given the ages of the children and the fact that time is not an essential element of the crime of sexual abuse in the first degree *(see, People v Keindl,* 68 NY2d 410, 419-420, *supra; People v Morris,* 61 NY2d 290, 296-297), we find that the dates of the incidents were sufficiently established.

Similarly, Angela and Christy testified that they viewed a sexually explicit film at defendant's trailer and Angela testified that defendant pinched her buttocks as well as Christy's. The People also introduced the testimony of Angela's brother that he saw a picture of Angela in defendant's trailer revealing that Angela was not wearing any underwear. The testimony of these children, coupled with defendant's statements to the police, constitute legally sufficient evidence to establish the crimes of endangering the welfare of a child under counts three and six of the indictment *(see,* Penal Law § 260.10 [1]).

We have examined defendant's remaining contentions, including his challenge to the propriety of the sentence, and conclude that they are without merit.

Judgment affirmed. Weiss, J. P., Yesawich, Jr., Levine, Mercure and Harvey, JJ., concur.