OPINION OF THE COURT
Edward A. Sheridan, J.
The defendant, Victor Hicks, was arrested on January 16, *210 1991, and was subsequently indicted by a Grand Jury for criminal sale of a controlled substance in the third degree, a class B felony (Penal Law § 220.39). The People filed a second felony offender information alleging a prior burglary conviction entered upon defendant’s plea of guilty in Superior Court, Cobb County, Georgia, on April 27, 1981. The defendant subsequently pleaded guilty to attempted criminal sale of a controlled substance in the third degree (Penal Law §§ 110.00, 220.39) in satisfaction of the present indictment while moving to contest sentencing as a second felony offender (Penal Law §§ 70.04, 70.06; CPL 400.21).
The issue before the court is whether defendant’s 1981 Georgia conviction of burglary, punishable by imprisonment for not less than 1 nor more than 20 years (Ga Crim Code § 16-7-1) may serve as a predicate felony for purposes of enhanced sentencing under New York’s second felony offender statute.
The Penal Law prescribes a mandatory minimum prison sentence for certain second and third felony offenders (Penal Law §§ 70.04, 70.06, 70.08). In this regard, the applicable statutes provide that for the purpose of determining whether a prior conviction is a predicate felony conviction, sentence must have been imposed not more than 10 years before commission of the present felony, the conviction must have been in this State of a felony, or in any other jurisdiction of an offense for which a sentence to a term of imprisonment in excess of one year was authorized and is authorized in this State. (Id.)
For second violent felony offender (Penal Law § 70.04) and persistent violent felony offender (Penal Law § 70.08) status, the out-of-State offense must contain all the essential elements of the counterpart New York felony. Similarly, the second (nonviolent) felony offender statute (Penal Law § 70.06) has been construed to require that the requisite prior foreign conviction must be for a crime whose statutory elements are equivalent to the elements constituting the analogous New York felony (see, People v Gonzalez, 61 NY2d 586; People v Love, 111 AD2d 134; People v Martin, 81 AD2d 765).
In applying the so-called "equivalent elements” test the statutory definitions of the elements of the foreign crime must be virtually identical to the counterpart elements of the New York felony (see, People v Muniz, 74 NY2d 464, 467-468, 469). In assessing whether the elements are equivalent, the court is *211 limited to the elements of the crime as stated in the foreign penal statute and those elements may not be expanded by allegations in the indictment trial evidence, or plea allocution (People v Gonzalez, supra, at 589).
In determining whether the Georgia crime is a predicate equivalent to a New York felony, the elements of the respective statutes must be identified and compared.
Under the Penal Law’s core definition of burglary, a person commits the crime of burglary "when he knowingly enters or remains unlawfully in a building with intent to commit a crime therein” (Penal Law § 140.20). "Unlawfully” is defined to mean "without license or privilege” (Penal Law § 140.00 [5]).
A person acts "knowingly” with respect to conduct or to a circumstance described by a statute when he is aware that his conduct is of such nature or that such circumstance exists (Penal Law § 15.05 [2]).
When a culpable mental state or "mens rea” is designated in a statute defining an offense, it is presumed to apply to every element unless a contrary intention clearly appears (Penal Law § 15.15; see, People v Campbell, 72 NY2d 602, 608-609 [Bellacosa, J., dissenting]).
Thus the "mens rea” requirement applicable to the conduct element of the core definition is that such conduct — "enter” or "remain” — be done "knowingly”. Similarly, with the attendant circumstances of entering or remaining "in a building”, "unlawfully”, i.e., without license or privilege, there must be awareness on the part of the actor (see, e.g., People v Ranieri, 144 AD2d 1006, lv denied 73 NY2d 895). Finally, the additional "mens rea” element of "intent” applies to the anticipatory result — commission of a crime within the building.
Defendant was convicted of burglary under Georgia Criminal Code § 16-7-1, which provides in pertinent part as follows: "(a) A person commits the offense of burglary when, without authority and with the intent to commit a felony or theft therein, he enters or remains within the dwelling house of another or * * * any other building”.
The Georgia burglary statute thus sets forth an equivalent conduct element — "enters or remains” — but no specific "mens rea” requirement applicable thereto. Nor is there any explicit statutory "mens rea” requirement applicable to the equivalent attendant circumstances of entering or remaining "within * * * any * * * building” and "without authority”. Finally, *212 the statute does provide an equivalent anticipatory result— commission of a crime or theft therein — and culpable mental state — "intent”.
In comparing the objective and subjective elements of the respective statutes, therefore, there is a lack of equivalency between them in that the Georgia statute sets forth no subjective element, i.e., "mens rea” requirement applicable to the objective conduct element — "enter” or "remain”, or to the objective attendant circumstances — that the actor knows he is entering or remaining in a "building” and knows he does so without license or privilege. Accordingly, the Georgia conviction may not serve as a predicate for enhanced sentencing herein (see, People v Schaner, 133 AD2d 582 [Pennsylvania burglary statute not equivalent; no requirement that intruder "knowingly” enter or remain]; People v White, 96 AD2d 541 [Virginia burglary statute not equivalent; no requirement that defendant "knowingly” enter or remain]; but see, People v Morales, 143 AD2d 949 [Florida burglary statute equivalent]; People v Thompson, 140 AD2d 652 [upholding, without discussion, Georgia burglary statute as equivalent]).
The People contend, nevertheless, that under Georgia law, criminal trespass is a lesser included offense of burglary (see, Johnson v State, 164 Ga App 429, 296 SE2d 775) and that where intent to steal is proven, the crime of criminal trespass merges with or is included within burglary (Varnes v State, 159 Ga App 452, 283 SE2d 673). In this regard, the People correctly note that the Georgia statute defining criminal trespass contains a requirement that the intruder enter or remain knowingly. It provides in pertinent part:
"§ 16-7-21 Criminal trespass * * *
"(b) A person commits the offense of criminal trespass when he knowingly and without authority:
"(1) Enters upon the land or premises of another person * * * for an unlawful purpose”.
From this the conclusion is that the "knowingly” requirement is implied in the Georgia burglary statute.
Be that as it may, on its face, the Georgia burglary statute to which the court must look in assessing equivalency contains no "knowingly” requirement. And no authoritative determination by a Georgia court has been brought to this court’s attention specifically reading the "knowingly” requirement into the burglary statute. Nor, on a lesser included offense analysis, may this court do so for purposes of a second felony *213 offender adjudication. Indeed, this court is cited to no Georgia authority equating the two States’ respective definitions of lesser included offense so as to conclude that under Georgia law it is impossible to commit burglary without concomitantly committing criminal trespass (compare, CPL 1.20 [37]).
Moreover, under Georgia law in a burglary prosecution mistake of fact is an affirmative defense (Ga Crim Code §§ 16-3-5, 16-3-28). Thus for example, a defendant who mistakenly believed a building to be open and was arrested in the premises had the burden of raising the issues (see, Gray v State, 158 Ga App 582, 281 SE2d 328). Once an affirmative defense is raised, " 'the burden of proof rests upon the State as to such issue as it does with respect to all other issues in the case.’ ” (State v Moore, 237 Ga 269, 270, 227 SE2d 241, 242 [quoting Ga Council of Superior Ct Judges Crim Charge Book, at 30, part 1, 16 [A].) Manifestly, this is not the case under New York law where it is the People’s burden in each case in the first instance to prove that defendant knowingly entered in a building without license or privilege. Neither may the missing element in the Georgia statute be provided by reference to evidence at trial (there was no trial here) nor admissions during a plea allocution (none were provided to the court in any event). Accordingly, the People have failed to demonstrate that defendant is a second felony offender (CPL 400.21 [7] [a]).