■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEWIS ROBINSON, Appellant. [595 NYS2d 56] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Berkowitz, J.), rendered June 17, 1991, convicting him of grand larceny in the fourth degree and criminal possession of stolen property in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On appeal, the defendant contends, inter alia, that he was deprived of his right to be present at a "material stage of the trial" when the court conducted a Sandoval hearing in his absence. We disagree.

A presumption of regularity attaches to official court proceedings, and, as a result, the defendant has the burden of coming forward with substantial evidence to rebut that presumption (see, People v Pichardo, 168 AD2d 577; People v Davis, 151 AD2d 596; People v Marchese, 140 AD2d 547). Although the minutes of the Sandoval hearing do not indicate whether or not the defendant was present at the hearing, the defendant offers no additional evidence supporting his conclusory assertion that he was not present. As such, we find that the defendant has failed to rebut the presumption of regularity which attached to the proceeding (see, People v Pichardo, supra).

Further, viewing the evidence in a the light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt

was not against the weight of the evidence (see, CPL 470.15 [5]). Balletta, J. P., Rosenblatt, Ritter and Santucci, JJ., concur.