■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SCOTT A. CHRONIS, Appellant. [619 NYS2d 156] —Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Leis, J.), rendered March 11, 1993, convicting him of burglary in the first degree, kidnapping in the second degree,

assault in the third degree, unauthorized use of a motor vehicle in the first degree, criminal mischief in the fourth degree (three counts), criminal contempt in the second degree, criminal possession of a weapon in the fourth degree (two counts), criminal trespass in the second degree, unlawful imprisonment in the second degree, and menacing, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's claim that his conviction for kidnapping in the second degree should be reversed because of the merger doctrine is unpreserved for appellate review *(see, People v Sage,* 204 AD2d 746). In any event, the defendant's restraint of his victim was of the sort which the Legislature intended to punish separately from the other crimes which he committed *(see, People v Gonzalez,* 80 NY2d 146, 152). Contrary to the defendant's claim, the abduction was discrete from the burglary as the latter crime had been fully completed when the defendant forced the victim at knifepoint into a car and drove for 30 minutes before she was able to make her escape *(see, People v Smith,* 47 NY2d 83, 87).

We find that the sentence imposed was appropriate under the circumstances of this case *(see, People v Suitte,* 90 AD2d 80).

We have considered the defendant's remaining contentions and find them to be without merit. Sullivan, J. P., Rosenblatt, Pizzuto and Altman, JJ., concur.