■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN J. BORST, Appellant. [648 NYS2d 720] —Mercure, J. Appeal from a judgment of the County Court of Schoharie County (Lamont, J.), rendered June 16, 1993, upon a verdict convicting defendant of the crime of arson in the fourth degree.

On June 26, 1992, defendant gave State Police Investigator Robert Shufelt a written statement acknowledging that he burned down Vaughn Crewell's barn in the Town of Middle-

burgh, Schoharie County. In the confession, defendant indicated that he went to a party on May 29, 1992 where he got drunk with several friends. After leaving the party, defendant went to his girlfriend's house, got into an argument with her about Crewell and told her that he was going to burn down their barn. Defendant stated that he then went to Crewell's barn and lit a pile of hay chaff in the middle of the hay mow. Defendant was indicted for various counts of arson, burglary, criminal mischief and reckless endangerment; at trial, however, the only charges submitted to the jury were arson in the third degree (Penal Law § 150.10 [intentionally damaging a building or motor vehicle by starting a fire]) and arson in the fourth degree (Penal Law § 150.05 [recklessly damaging a building or motor vehicle by intentionally starting a fire]) as a lesser included offense. Convicted of arson in the fourth degree, defendant now appeals.

We affirm. We are not persuaded by defendant's primary contention, that County Court erred in submitting to the jury the charge of arson in the fourth degree because the only reasonable view of the evidence compelled the conclusion that defendant intentionally started the fire and intentionally damaged the barn if at all. We first note that, because defendant failed to object to the submission of this charge—he in fact requested it—he has failed to preserve the issue for our consideration. Further, were we to consider the contention in the interest of justice, the result would be no different. Evidence of defendant's intoxication was sufficient to negate the element of intent and allow a finding of recklessness (see, Penal Law § 15.25; *People v Zeth*, 148 AD2d 960, 961; *People v Gerasimovic*, 124 AD2d 593, *lv denied* 69 NY2d 746), leaving to the fact finder the factual question as to whether the extent of intoxication acted to negate the element of intent (see, *People v King*, 224 AD2d 547, 548; *People v Dorst*, 194 AD2d 622, *lv denied* 82 NY2d 924). In addition, the fact that the counts of arson in the third degree and arson in the fourth degree submitted to the jury required the demonstration of different culpable mental states did not preclude a finding that the latter was a lesser included offense of the former (see, *People v Green*, 56 NY2d 427, 432-433).

Nor are we persuaded that, because he was not present at certain sidebar conferences, defendant was denied his constitutional and statutory right to be present at material stages of the trial. Fundamentally, a defendant has the right to be present during all stages of the trial, including ancillary proceedings such as sidebar conferences, when the particular proceed-

ing "involve[s] factual matters about which defendant might have peculiar knowledge that would be useful in advancing the defendant's or countering the People's position" (*People v Dokes*, 79 NY2d 656, 660) and "when defendant's presence would have a 'substantial effect on [his or her] ability to defend against the charges' " (*People v Williams*, 85 NY2d 945, 947, quoting *People v Sloan*, 79 NY2d 386, 392). Defendant's presence is not required, however, where the proceeding involves questions of law or procedure (*see*, *People v Rodriguez*, 85 NY2d 586, 591; *People v Williams*, *supra*, at 947).

Here, defendant asserts that County Court failed to apprise him of his right to be present during a sidebar conference with a potential juror during jury selection. However, our review of the record discloses that, at the time in question, County Court specifically advised defendant of his right to be present at the bench with his counsel and in fact invited him to do so. As for the remaining 17 bench conferences alluded to in defendant's brief, none are shown or even alleged to have involved matters other than law or procedure. As such, we conclude that defendant has failed to rebut the presumption of regularity that attaches to official court proceedings (*see*, *People v McGee*, 220 AD2d 799, 801, *lv denied* 87 NY2d 1022; *People v Robinson*, 191 AD2d 523, *lv denied* 81 NY2d 1018; *People v Pichardo*, 168 AD2d 577, *lv denied* 77 NY2d 965).

Defendant's remaining contentions have been considered and found unavailing.

Cardona, P. J., Crew III, White and Peters, JJ., concur. Ordered that the judgment is affirmed.