■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY MENZIES, Appellant. [681 NYS2d 119] —Spain, J. Appeal from a judgment of the County Court of Tompkins County (Friedlander, J.), rendered July 31, 1992, upon a verdict convicting defendant of the crime of escape in the first degree.

On August 16, 1991, while serving a sentence at the Tompkins County Jail, defendant was observed to be present in his cell by a correction officer at 10:30 P.M. At 5:00 A.M. the following morning, after being told to check on defendant, another correction officer saw that he was not in his cell and reported him missing; defendant's bed was covered with a blanket and the cell window was broken. He was later found in the City of Ithaca, Tompkins County, and arrested by Scott Ferris, a Deputy Sheriff. Thereafter, while defendant was seated in the back of a patrol car, Ferris and another Deputy were discussing the events that had taken place when defendant stated that he was the first prisoner to escape from the new jail. Defendant was subsequently indicted on the charge of escape in the first degree, convicted after a jury trial and sentenced to a prison term of 3 to 6 years. Defendant appeals.

We affirm. Initially, we reject defendant's contention that County Court conducted a bench conference with the prosecutor during the course of the trial out of the presence of both defendant and his counsel. A presumption of regularity attaches to judicial proceedings and a conclusory allegation that a defendant was absent from any stage of the proceedings is insufficient to rebut that presumption (*see, People v Gonsa,* 220 AD2d 27, 31, *lv denied* 89 NY2d 923; *People v Robinson,* 191 AD2d 523, *lv denied* 81 NY2d 1018). Here, the record reveals that at one point during the trial County Court asked the prosecutor to come forward to the bench; however, there is no indication in the record that defendant and/or his counsel were excluded from that conference. In our view, defendant's contention is conclusory, speculative and unsupported by the record. It is significant to note that defense counsel did not object on the record to any such exclusion; moreover, such failure to object renders defendant's claim unpreserved for appellate review (*see, People v King,* 234 AD2d 391, *lv denied* 89 NY2d 986; *People v Rodriguez,* 177 AD2d 269).

We also reject defendant's assertion that following a *Huntley* hearing County Court erred by not suppressing a letter received by the Sheriff following defendant's arrest. Defendant's contention that the letter was never properly authenticated at

the *Huntley* hearing is belied by the record, which indicates that after defendant's arrest the Sheriff received a letter purportedly written by defendant apologizing for escaping from the jail. Notably, the omnibus motion filed on behalf of defendant alleged that defendant suffers from mental illness and wrote the letter in an agitated, confused and irrational state; moreover, the omnibus motion requested suppression based upon the alleged involuntary nature (i.e., defendant's lack of mental capacity) of his actions rather than authenticity of the letter. The record supports County Court's finding at the *Huntley* hearing that defendant was the author of the letter. Moreover, authentication of the letter at trial was not an issue as defendant, on direct examination, admitted that he wrote the letter which was accepted into evidence on cross-examination without objection from defendant.

We have also considered defendant's arguments that the prosecutor's summation violated the "unsworn witness rule" and that County Court assumed the role of prosecutor during the *Huntley* hearing, and find them not only unpreserved for appellate review but without merit.

Cardona, P. J., Peters, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed.