■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN E. HEATH, Appellant. [705 NYS2d 85] —Graffeo, J. Appeal from a judgment of the County Court of Schenectady County (Tomlinson, J.), rendered January 15, 1997, upon a verdict convicting defendant of five counts of the crime of sexual abuse in the third degree.

This case arises out of two incidents involving defendant's sexual conduct toward his former girlfriend on February 20, 1996 and April 3, 1996. After the second incident, defendant's former girlfriend contacted a rape crisis center and then proceeded to a hospital where she advised emergency room personnel that she had been raped. A police investigation resulted in defendant's arrest and indictment on one count of rape in the first degree, two counts of sodomy in the first degree and five counts of sexual abuse in the first degree. Following trial, defendant was convicted of five counts of sexual abuse in the third degree and sentenced to 90 days in jail.

Defendant appeals, contending that the verdict convicting him of sexual abuse in the third degree was repugnant to the jury's findings of not guilty on those counts charged in the indictment because the crime of sexual abuse in the third degree was not properly a lesser included offense of each crime.

It is well settled that pursuant to CPL 300.50 (1), a defendant waives any error in the submission of a lesser included of-

fense unless an objection is made before the jury begins deliberations (*see, People v Dennis*, 263 AD2d 618, 618-619, *lv denied* 94 NY2d 830). A review of the record in this case reveals that the defense specifically requested that County Court's charge to the jury include sexual abuse in the third degree as a lesser included offense to all eight counts of the indictment. Counsel were given an opportunity to be heard on this issue on two consecutive days, which allowed defendant to consult with his attorney. Defendant responded in the affirmative when the court inquired whether he consented to the verdict sheet with the inclusion of the lesser included offenses. Defense counsel also voiced no exception to the court's charge with respect to the lesser included offenses. Accordingly, this issue was not properly preserved and defendant is precluded from raising it on appeal (*see*, CPL 300.50; *People v Ford*, 62 NY2d 275, 279; *People v Borst*, 232 AD2d 727, 728, *lv denied* 89 NY2d 940; *People v Dunavin*, 173 AD2d 1032, 1033, *lv denied* 78 NY2d 965). Under the facts of this case we decline to take any corrective action based on this issue in the interest of justice, especially in light of the fact that the charges were included at defendant's behest (*see, People v Dunavin, supra*, at 1033; *People v Dawson*, 166 AD2d 808, 811, *lv denied* 77 NY2d 876; *cf., People v Shaffer*, 66 NY2d 663, 664-665).

We have considered defendant's remaining contentions and find them lacking in merit.

Cardona, P. J., Crew III, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed.