OPINION OF THE COURT
Memorandum.
Judgment of conviction unanimously modified on the law by vacating the sentence imposed and remanding the matter to the court below for resentencing before a different judge; as so modified, affirmed.
In or about August 2000, defendant was charged with endangering the welfare of a child (Penal Law § 260.10 [1]), and sexual abuse in the second degree (Penal Law § 130.60 [2]) for allegedly touching the genitals of an 11-year-old male, having said male touch his genitals, and attempting to engage the said male in sexual conversation. Following trial, defendant was acquitted of the sexual abuse charge and convicted of endangering the welfare of a child.
On appeal, defendant contends that his exclusion from sidebar conferences with prospective jurors warrants reversal and that his rights were violated when the trial court took evidentiary testimony from the complaining witness in chambers while he was not present. Clearly, the Due Process Clauses of the New York State and United States Constitutions provide defendant with the right to be present at the material stages of trial if his presence might bear a substantial relationship to his opportunity to better defend himself at trial and the stage of the criminal proceeding is critical to the outcome (see Kentucky v Stincer, 482 US 730, 745-746 [1987]; see also People v Rosen, 81 NY2d 237 [1993]; People v Mitchell, 80 NY2d 519, 526-527 [1992]). New York also grants defendant the statutory right to be present at voir dire sidebars (see CPL 260.20; People v Maher, 89 NY2d 318, 324 [1996]; People v Favor, 82 NY2d 254, 265 [1993]; People v Dokes, 79 NY2d 656, 662 [1992]).
A review of the record indicates that defendant waived his right to be present at sidebar conferences pertaining to legal *116 issues, but did not waive his right to be present at conferences taking place in chambers or outside of the courtroom. Contrary to defendant’s contention, however, the record does not indicate that defendant was not present at all of the 16 sidebar conferences that took place during jury selection, nor does it indicate that he was not present in chambers during the complainant’s testimony. Defendant’s absence is only clearly indicated for the two voir dire conferences that took place in the back hall on November 14, 2001. However, since issues of bias were not discussed at these conferences, defendant’s statutory right to be present was not triggered (see People v Maher, 89 NY2d 318 [1996]). Inasmuch as defendant fails to otherwise offer substantial evidence to support his assertions that he was not present at the remaining conferences, or in chambers, he has not rebutted the presumption of regularity attached to these proceedings (see People v Dominique, 90 NY2d 880, 881 [1997]; People v Richetti, 302 NY 290 [1951]; People v Firrira, 258 AD2d 666 [1999]; People v Yarbough, 229 AD2d 605 [1996]; People v Robinson, 191 AD2d 523 [1993]; People v Pichardo, 168 AD2d 577 [1990]), and he has not provided an adequate record for determining whether he was wrongfully excluded from a material stage of trial (see People v Kinchen, 60 NY2d 772 [1983]; Robinson, 191 AD2d at 523).
In its haste to “send a message” at sentencing, the trial court did not allow defendant, nor his attorneys, to make statements on his behalf, to which objection was made. Unquestionably, defendant has the constitutional right to be represented by counsel at sentencing (see Berry v New York, 375 US 160 [1963]; People v Hannigan, 7 NY2d 317 [1960]). The court’s refusal to allow his attorneys to speak on his behalf denied him this right, and CPL 380.50 clearly provides that both defendant and his attorney are allowed to make statements at sentencing. Accordingly, the matter is remanded to the court below for resentencing before a different judge.
Winick, J.P., Lifson and Rudolph, JJ., concur.