■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAURICE GILLESPIE, Appellant. [826 NYS2d 439]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Blumenfeld, J.), rendered September 2, 2004, convicting him of grand larceny in the fourth degree and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's appellate challenge to the legal sufficiency of the evidence is unpreserved for appellate review since it is based on arguments not specifically raised in his motion pursuant to CPL 290.10 (see CPL 470.05 [2]; People v Gray, 86 NY2d 10 [1995]; People v Leon, 19 AD3d 509, 509-510 [2005], affd 7 NY3d 109 [2006]; People v Alexander, 12 AD3d 524 [2004]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see CPL 470.15 [5]).

The defendant further contends that the sentencing court

improperly adjudicated him a second felony offender based upon his conviction in Indiana under a statute that provides that a person is guilty of burglary when he or she "breaks and enters the building or structure of another person, with intent to commit a felony in it" (Ind Code § 35-43-2-1). Upon examination of the elements of the Indiana statute and comparison with New York Penal Law § 140.20 (*see* Penal Law § 70.06; *People v Muniz,* 74 NY2d 464, 467-468 [1989]; *People v Gonzalez,* 61 NY2d 586, 589 [1984]; *People v Garrett,* 130 AD2d 505 [1987]), the sentencing court correctly determined that the Indiana breaking and entering statute requires the same proof of a knowingly unlawful entry as the New York statute (*see People v Parker,* 41 NY2d 21, 24 [1976]; *People v Banks,* 204 AD2d 473 [1994]; *People v Morales,* 143 AD2d 949, 950 [1988]; *see also People v Franqui,* 121 AD2d 160 [1986]; *Gilliam v State,* 508 NE2d 1270 [Ind 1987]; *Smith v State,* 477 NE2d 857, 860-867 [Ind 1985]). Further, although the Indiana statute defines the places of entry to include either a "building" or a "structure," and has been interpreted broadly to include a fence (*see McCovens v State,* 539 NE2d 26, 29 [Ind 1989]), examination of the Indiana accusatory instrument reveals that the defendant was not accused of breaking into property through a fence but of entering a building through a balcony door (*see People v Butler,* 169 AD2d 246, 252-253 [1991]; *People v Adams,* 164 AD2d 546 [1991]; *People v Morales,* 143 AD2d 949, 949-950). Thus, the defendant was properly adjudicated a second felony offender based on the Indiana conviction (*see* Penal Law §§ 70.06, 140.20). Miller, J.P., Rivera, Skelos and Lunn, JJ., concur.