THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MILES M. SCOTT, Appellant. [850 NYS2d 532]—

Appeal by the defendant from a judgment of the County Court, Orange County (Pano Z. Patsalos, J.), rendered December 6, 1999, convicting him of kidnapping in the second degree, unlawful imprisonment in the first degree, assault in the second degree, coercion in the first degree, menacing in the second degree, reckless endangerment in the first degree, and harassment in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that he was deprived of his "fundamental" right to appellate review due to missing stenographic minutes of voir dire and the majority of the trial (*People v Montgomery*, 24 NY2d 130, 132 [1969]). The defendant did not move for relief or even bring the fact of the missing minutes to the attention of the court or the stenographer until well after the expiration of the two-year statutory period the stenographer was required to preserve the minutes (*see* Judiciary Law § 297). Under the circumstances, the defendant was not deprived of the right to appeal his conviction (*see People v Mirenda*, 57 NY2d 261, 267 [1982]; *People v Bruno*, 161 AD2d 778 [1990]; *People v Glendy*, 152 AD2d 597 [1989]; *People v Alston*, 134 AD2d 433, 435 [1987]).

Upon the exercise of our factual review power (*see* CPL 470.15 [5]), and to the extent the record permits sufficient review, we are satisfied that the verdict was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that the kidnapping conviction should be dismissed pursuant to the merger doctrine is without merit. The defendant's restraint of the victim was a discrete act

which requires punishment separate from the other crimes he committed (see *People v Gonzalez*, 80 NY2d 146 [1992]; *People v Freeman*, 267 AD2d 470, 471 [1999]; *People v Chronis*, 209 AD2d 712 [1994]).

The sentence imposed for the kidnapping conviction did not constitute cruel and unusual punishment in violation of constitutional limitations (see *People v Jones*, 39 NY2d 694 [1976]). In addition, the sentence imposed was not excessive (see *People v Suitte*, 90 AD2d 80, 83 [1982]). Mastro, J.P., Covello, Angiolillo and Balkin, JJ., concur.