Van Voorhis, J.
This is an appeal in a coram nobis proceeding from an order of the Appellate Division which reversed an order of the Bronx County Court dismissing defendant-respondent’s petition, and ordered a hearing “ solely on the issue of defendant’s alleged mental incompetence at the time of arraignment, plea of guilty and sentence.” Although charged with armed robbery, he was permitted to plead guilty to the crime of robbery in the second degree.
Under interrogation by the court, defendant admitted at the time of his arraignment that he “ participated in that stick-up ” and described the circumstances in detail. He had committed several prior offenses as a juvenile delinquent, but was given an indeterminate sentence of 6% to 13 years as a first felony offender. He was attended by counsel.
In People v. Boehm (309 N. Y. 362, 368-369), we held that coram nobis would be a proper remedy in event it were established that a defendant had been mentally incompetent at the time of his arraignment. We did not hold, however, that a conviction such as this can be set aside in a coram nobis proceeding upon the bare fact that a defendant had applied for mental examination under section 658 of the Code of Criminal Procedure at the time of his arraignment. A dispute has arisen concerning whether such an application was then made in defendant’s behalf. The stenographic record shows none. Respondent asserts in his petition and supporting papers that his lawyer did apply for such an examination. The Appellate Division has granted a hearing upon that as an issue of fact, probably considering that a hearing is required by our decisions in cases such as People v. Richetti (302 N. Y. 290) or People v. Guariglia (303 N. Y. 338). However that might have been if this fact issue were determinative of this coram nobis proceeding, it requires more to sustain such a writ than merely showing that he applied for psychiatric examination when he pleaded guilty. Even if he did so apply, it would have been in the discretion of the court to determine whether or not his application should have been granted (People v. Nickerson, 1 N Y 2d 815). The exercise of discretion by the trial court would have been final unless abused. It is not necessary to consider now what would *187 constitute an abuse of discretion either in the realm of fact or law, inasmuch as this record contains nothing from which it could possibly be concluded that the discretion of the court in which he was arraigned and sentenced was abused in any respect. Here there is no evidence or allegation of fact that defendant was insane then or at any time. At most there is a statement from respondent’s attorney that he was at one time in possession of a communication from the Air Force, in which relator had been engaged, which said, according to respondent’s affidavit, “ That at the time of discharge, said Petitioner was in need of ‘ psychiatric treatment ’ but that such treatment was not deemed possible within a reasonable length of time.”
It is not enough to indicate that this man was insane that psychiatric treatment had been advised. Consequently the realtor has failed and the County Judge was correct in dismissing his application for this writ of error coram nobis. In the absence of some proof of insanity, we cannot conclude that the discretion of the trial court was abused in declining to order a mental examination under section 658 of the Code of Criminal Procedure at the time of his arraignment, nor is respondent entitled to a trial of his mental condition in this coram nobis proceeding under People v. Boehm (supra). If at any time before final judgment in a criminal action it shall appear to the court that there is reasonable ground for believing that a defendant is in such state of idiocy, imbecility or insanity that he is incapable of understanding the charge, indictment or proceedings or of making his defense, it is the duty of the court to direct him to be examined in these respects. Nevertheless, there is a presumption of regularity of criminal proceedings (People v. Salerno, 3 N Y 2d 175; People v. Sweeney, 213 N. Y. 37). After a defendant has been convicted on plea of guilty or after trial, the People are not required to assume the burden again of establishing that what was done was regular in the absence of evidence to the contrary. This respondent is not entitled to a hearing in the absence of some evidence that he was insane when he pleaded guilty and sentence was pronounced. He might not be barred by not having raised the issue at the time of his arraignment, if he could show that he was then mentally incapable of understanding the charge and of conducting his defense (People v. Boehm, supra). He must demonstrate that such was the ease. In the absence of evidence in *188 Ms petition or other moving papers to raise the issue, there is no occasion for a trial.
The order appealed from is reversed and the order of the County Court dismissing the petition is reinstated.