■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS WILLIAMS, Appellant.—Judgment, Supreme Court, New York County (Murray Mogel, J., at pretrial hearing; Franklin Weissberg, J., at jury trial and sentence) rendered December 13, 1988, convicting defendant of attempted robbery in the second degree and sentencing him as a predicate felon to 3 to 6 years imprisonment, unanimously affirmed.

Defendant's conviction arises out of an attempt to forcibly steal personal property from the complainant, who suffered a punctured eardrum as the result of a blow to the head inflicted by defendant during the attempted robbery.

Defendant's claim of error by the hearing court in denying suppression of defendant's statement made to the arresting officer is clearly meritless. The inculpatory statement, made following a simple request for defendant's name, was a spontaneous utterance, and not a response to any police questioning aimed at eliciting evidence of a crime (see, e.g., People v Gonzales, 75 NY2d 938, cert denied — US —, 111 S Ct 99).

Likewise without merit is defendant's claim that the trial

court erred in denying defense counsel's post-verdict request for a psychiatric evaluation of defendant. The record indicates clearly that the trial court duly considered all available information regarding the application, including defendant's testimony at trial, the court's own observations of defendant during court proceedings, the conclusion contained in a court-ordered psychiatric evaluation prepared in conjunction with the probation report that defendant was of "dull normal intelligence" but not incompetent, as well as defense counsel's unsupported speculation as to defendant's competency. In these circumstances, the trial court did not abuse its discretion in concluding that the application was baseless *(see, People v Smyth,* 3 NY2d 184).

Finally, in light of the lack of any record with respect to defendant's mental capacity at arraignment, or during the applicable period thereafter, this Court is precluded from reviewing defendant's claim of ineffective assistance of counsel for failure to timely serve notice of intent to offer psychiatric testimony *(see, People v Olivo,* 52 NY2d 309). In any event, trial counsel duly filed appropriate pre-trial and trial motions and applications, obtained pre-trial suppression hearings, applied for and received for defendant a full competency hearing, as well as subsequent psychiatric evaluation, and in the face of overwhelming evidence of defendant's guilt, extensively cross-examined the People's witnesses, and vigorously pursued a defense encompassing issues of mistake and innocent purpose. In these circumstances, it cannot be said that trial counsel's conduct in any way fell below accepted standards of competence *(see, Strickland v Washington,* 466 US 668). Concur—Carro, J. P., Rosenberger, Wallach, Asch and Kassal, JJ.