■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS PACHECO, Appellant. [612 NYS2d 179] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Appelman, J.), rendered August 24, 1990, convicting him of assault in the second degree, criminal possession of a controlled substance in the seventh degree, and resisting

arrest, upon a jury verdict, and imposing sentence. By decision and order of this Court dated December 28, 1992, the matter was remitted to the Supreme Court, Queens County, for resettlement of the trial transcript, and the appeal was held in abeyance *(People v Pacheco,* 188 AD2d 667). The Supreme Court, Queens County, has now reported to this Court.

Ordered that the judgment is affirmed.

This matter was remitted to the Supreme Court, Queens County, in order to determine whether the court improperly gave supplemental jury instructions outside of the presence of the defendant and the defense counsel. A hearing to resettle the transcript was held on February 3, 1993, at which the prosecutor who tried the case and the defendant's trial counsel both testified that to the best of their respective recollections, the defendant and his counsel had been present during all jury instructions. The defendant chose not to make a statement at the hearing. The court, relying upon the testimony, its trial notes, its customary practice, and the presumption of regularity, found that the defendant or his counsel had been present during all jury instructions. Under the circumstances, we find that there is no merit to the contention that the defendant was denied due process by the trial court's supplemental jury instructions.

Nor is there merit to the defendant's contention that there was legally insufficient evidence to support his conviction for assault in the second degree. On the night of October 18, 1989, a police officer attempted to arrest the defendant for possession of a rocky substance that the officer thought was crack cocaine. The defendant and the officer struggled until a second officer arrived and the defendant was restrained. During the struggle, the officer's finger was sprained. Viewing the evidence in the light most favorable to the People *(see, e.g., People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of assault in the second degree *(see,* Penal Law § 120.05 [3]; *People v Pope,* 174 AD2d 319).

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are either unpreserved for appellate review or without merit. Sullivan, J. P., Balletta, Ritter and Santucci, JJ., concur.