■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE NOBOA DIAZ, Also Known as JOSE GONZALEZ, Appellant. [622 NYS2d 686] —Judgment, Supreme Court, New York County (Herbert J. Adlerberg, J.), rendered May 26, 1992, which convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the second degree and sentenced him to a term of imprisonment of 12½ years to life, unanimously modified, on the law, the facts and in the interest of justice to the extent of vacating the sentence, and the matter remanded for resentencing, and otherwise affirmed.

Defendant's claim that a Spanish interpreter was not present at sentencing is unpreserved for this Court's review. Were we to review the claim in the interest of justice, we would find that it has no merit. While the first indication that the interpreter was present only appears in the latter pages of the minutes, defendant failed to rebut the presumption of regularity that the interpreter was present when the proceedings commenced and that the entry regarding the interpreter's presence was made by the stenographer belatedly (People v Glass, 43 NY2d 283). Tellingly, defense counsel, who presumably needed the interpreter to confer with defendant, never stated that the interpreter was not present.

Defendant also asserts that he was denied his right to address the court at sentencing because the court did not ask him directly if he wished to make a statement. This argument is unpreserved as a matter of law since defendant never made this claim at sentencing (People v Maldonado, 199 AD2d 40, lv denied 82 NY2d 927). However, CPL 380.50 provides that before pronouncing sentence, the court must ask the defendant whether he wishes to make a statement personally on his own behalf (see, People v Wade, 49 AD2d 770). While substantial rather than literal compliance with the statute has been held sufficient in certain cases (People v McClain, 35 NY2d 483, 491-492, cert denied sub nom. Taylor v New York, 423 US 852), where an interpreter is required, it is necessary that the defendant have the invitation to speak on his own behalf directed to him separately and an answer elicited (People v Diaz, 44 AD2d 799). Here, inquiry from the court was directed only to counsel and no response was elicited. Defendant's later denial of guilt while the plea was being

entered suggests the possibility that his earlier silence was due to the fact that he did not understand the court's earlier inquiry. Moreover, in light of the fact that defendant's sentence was increased from to 6 years to life to 12½ years to life due to his failure to return to the court for sentencing after bail was posted, it is likely that defendant would have wanted to make a statement regarding his sentence. Thus, we remand for resentencing. Concur—Murphy, P. J., Rosenberger, Nardelli and Williams, JJ.