Ronald BENN, Petitioner,

v.

James STINSON, Superintendent, Great Meadows Correctional Facility, Respondent.

No. 94 Civ. 3925 (SHS) (AJP).

United States District Court, S.D. New York.

Sept. 13, 1995.

Alan Gadlin, Dist. Attys. Office, New York City.

Sidney H. Stein, New York City.

## ORDER

STEIN, District Judge.

The Court has before it the Report and Recommendation of Magistrate Judge Peck dated July 17, 1995, and the Objections to that Report and Recommendation by petitioner dated August 18, 1995.

The law is clear that a court reporter's failure to note a defendant's presence is insufficient to rebut the presumption of regularity which attaches to criminal proceedings. *See* cases cited at pp. 12–14 of the Report and Recommendation. As the Magistrate Judge wrote, "Benn's only evidence of his absence is the court clerk's statement in the transcript that Benn was not present at the start of the session, at which only legal matters were discussed concerning the Court's proposed charge" (Report and Recommendation, p. 12). In light of the relevant case law referred to, that does not constitute the "substantial evidence" needed to overcome the presumption of regularity, especially when the factual affidavits submitted at the request of the Magistrate Judge—including petitioner's own affidavit—are considered. After careful review of the Report and Recommendation, the Objections, the record, and the relevant case law, the Report and Recommendation of Magistrate Judge Peck dated July 17, 1995, is adopted by this Court and the petition is hereby dismissed.

SO ORDERED:

## REPORT AND RECOMMENDATION

PECK, United States Magistrate Judge.

**TO THE HONORABLE SIDNEY H. STEIN, United States District Judge:**

Ronald Benn filed this petition for a writ of habeas corpus alleging that he was denied effective assistance of appellate counsel because in appealing his murder conviction, his appellate counsel failed to appeal the fact that Benn allegedly was not present during the closing argument and jury instruction phases of his trial. Benn's habeas corpus petition was referred to me for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 4 of the S.D.N.Y.'s Rules for Proceedings before Magistrate Judges. For the reasons set forth below, I recommend that Benn's petition for a writ of habeas corpus be denied.

## FACTS

### Benn's Trial and Conviction

On August 24, 1981, petitioner Ronald Benn was convicted of two counts of murder in the second degree, and one count of attempted murder in the second degree. (Trial Transcript ["Tr."] at 539.) Benn was sentenced, as a predicate felony offender, to concurrent indeterminate prison terms of 25 years to life on the two murder counts and 12½ to 25 years on the attempted murder conviction. (Resentencing Minutes at 8.)

### Benn's Direct Appeal in State Court

In a brief filed in March 1984, Benn's appellate counsel raised three grounds for relief: (1) the admission of Benn's confession violated his constitutional and statutory rights; (2) the trial court improperly allowed the jury to hear details of Benn's arrest and conviction on an unrelated robbery; and (3) Benn's sentence was excessive. ("Brief for Defendant–Appellant," dated March 1984 ("3/84 Brief"), at 10–19.)

In an unpublished memorandum decision, the Appellate Division unanimously affirmed Benn's conviction on October 11, 1984. *People v. Benn*, 104 A.D.2d 1059, 481 N.Y.S.2d 841 (1st Dep't 1984). Leave to appeal to the New York Court of Appeals was denied on November 28, 1984. *People v. Benn*, 64 N.Y.S.2d 649, 485 N.Y.S.2d 1033, 474 N.E.2d 262 (1984).

### Benn's State Court Collateral Attacks on His Conviction

In May 1988, Benn applied pro se to the Appellate Division for a writ of error *coram nobis*, alleging ineffective assistance of appellate counsel. Benn argued that appellate counsel's representation was ineffective in

that he neglected to appeal trial counsel's failure to suppress defendant's identification testimony. On June 30, 1988, the Appellate Division unanimously denied Benn's application. *People v. Benn*, No. M–1861, 1988 N.Y.App.Div. LEXIS 8096 (1st Dep't June 30, 1988).

In June 1993, almost twelve years after his conviction, Benn filed a second pro se application for a writ of error *coram nobis*, alleging for the first time the grounds that Benn now pursues in his present federal habeas corpus petition: appellate counsel was ineffective because he allegedly failed to argue that Benn was absent during summations and the court's charge and instead raised only "frivolous" appeal issues. ("Petition for a Writ of Error *Coram Nobis*," dated June 23, 1993, at 6–10.) On September 23, 1993, the Appellate Division unanimously denied petitioner's application. *People v. Benn*, 196 A.D.2d 948, 603 N.Y.S.2d 722 (1st Dep't. 1993).

### Benn's Federal Habeas Corpus Petition

Benn now petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Benn alleges that (1) he was denied effective assistance of appellate counsel because counsel allegedly did not appeal Benn's absence at his trial, and (2) but for this denial of effective assistance, Benn would have prevailed on appeal.

Benn's Petition is based on the court clerk's statement at the beginning of the trial day for June 30, 1981 that "defendant is not present." (Tr. at 451; *see* "Petitioner's Memorandum of Law in Support of His Petition for a Writ of Habeas Corpus" ["Benn's Brief"], at 14.) Specifically, the transcript reads:

MORNING SESSION—JURY NOT PRESENT

1. The transcript reads as follows:
   JURY PRESENT
   COURT CLERK: Jurors, please answer as I call your names. (jury attendance taken)
   COURT CLERK: Jurors are present and properly seated, Your Honor.
   (Mr. Ferguson, on behalf of the Defendant, summed up to the jury as follows:)
   (*Id.* at 455–56.)

2. The transcript reads:
   (A luncheon recess was declared and taken)

COURT CLERK: Case on trial continued, between the People of the State of New York and the defendant Ronald Benn.

*Let the record reflect that the defendant is not present.*

His counsel, the assistant district attorney and the Court are present.

MR. FERGUSON [defense counsel]: I waive the presence of my client.

(Tr. at 451, emphasis added.) Counsel and the court then discussed legal issues regarding the Court's charge to the jury. (*Id.* at 452–55.) Thereafter, the transcript notes the presence of the jury for closing argument, but does not reflect any change in Benn's presence. (*Id.* at 455–56.)[1] Summations and the court's charge to the jury concluded at the luncheon recess, at which point the jury began its deliberations. (*Id.* at 536.) When a note was received from the jury later that afternoon, the transcript indicates that Benn was present. (*Id.*)[2]

In an Order dated May 4, 1995, I directed the parties to submit affidavits from the trial participants in order "to provide additional information that would assist the Court in deciding this case." (Order dated May 4, 1995, at 1.) Specifically, I directed that:

> "Petitioner Benn is to file his own affidavit, under penalty of perjury, stating whether he was present during closing arguments and jury instructions at his trial, and if not, when he realized that such proceedings had been held in his absence...."

(*Id.* at 1–2.)

Despite this clear directive, Benn's affidavit does not directly state that he was not present during closing arguments and jury instructions. Instead, Benn states only that "perusal of the record ... will unequivocally

(A jury note was marked as Court's Exhibit 2)
(At 3:50 p.m., the following took place:)
JURY NOT PRESENT
COURT CLERK: Case on trial continued between the People of the State of New York and the defendant, Ronald Benn.
*The defendant and his counsel,* the assistant district attorney and the Court *are present.*
....
(Tr. at 536, emphasis added.)

show that Petitioner was not present during those critical moments as mentioned above." (Benn 5/31/95 Aff. at 1.)[3] Benn further states that he was never informed that the proceedings were held on that date and that it was only after he received the transcript that he realized the proceedings were held in his absence. (*Id.* at 2.) He does not state, however, when he received the transcript or explain why he did not raise the issue until twelve years after his conviction.

In my May 4, 1995 Order, I also directed the District Attorney's Office to file affidavits from the trial Assistant District Attorney, the court clerk and Benn's former trial and appellate counsel. (5/4/95 Order at 2.)

The District Attorney's office submitted an affidavit stating that the trial judge in the case, Justice Thomas Dickens, had passed away. (Gadlin Aff. ¶ 4.) That affidavit further stated that Benn's trial attorney, Richard J. Ferguson, has retired, lives in Florida and has no records of Benn's case. (*Id.* ¶ 6.) Further, Mr. Ferguson allegedly "has no recollection of any of his clients having 'refrained' from being present during 'important' proceedings." (*Id.*)

Brian Sheppard, Benn's appellate attorney, stated in his affidavit that he had no memory of Benn's case. (Sheppard Aff. ¶ 4.) However, he did state that "if Mr. Benn had advised me that he was not present at those proceedings, then I would have taken all appropriate action in the matter, including investigation and ultimate litigation by direct appeal or collateral relief." (*Id.*)

Finally, Kevin J. Brennan, the trial Assistant District Attorney, stated: "I do not now specifically remember that Mr. Benn was present during summations and the jury charge. Nevertheless, I am confident that he was present. It would have been extremely unusual for a defendant not to be present during those proceedings, and I would almost certainly remember if Mr. Benn had been absent." (Brennan Aff. ¶ 3.) He further stated that in the approximately 25 cases he tried as a prosecutor, he had a specific recollection of the one case where the defendant was not present during the jury

charge and summation, and it was not Mr. Benn's trial. (*Id.*)

## ANALYSIS

▇▇▇ In order to prevail on an ineffective assistance of counsel claim, a petitioner must show: (1) that counsel's performance "fell below an objective standard of reasonableness," and (2) that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington,* 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 2064, 2068, 80 L.Ed.2d 674 (1984). In evaluating the adequacy of counsel's performance, the reviewing court must be "highly deferential" to the attorney's judgment, and the "court must indulge a presumption" of attorney competence. *Id.,* 466 U.S. at 689, 104 S.Ct. at 2065. Further, in deciding whether the specified errors resulted in required prejudice, a court should presume that the judge acted according to law. *Id.,* 466 U.S. at 694, 104 S.Ct. at 2068. The *Strickland* test applies to appellate as well as trial counsel. *See Mayo v. Henderson,* 13 F.3d 528, 533 (2d Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 81, 130 L.Ed.2d 35 (1994).

▇▇▇ On appeal, attorneys are not required to raise every colorable claim urged by the client, but are entitled to exercise their professional judgment to focus on one or two key issues while "winnowing out weaker arguments." *Jones v. Barnes,* 463 U.S. 745, 751–53, 103 S.Ct. 3308, 3312–13, 77 L.Ed.2d 987 (1983). Further, reviewing courts should not second guess the reasonable professional judgments of appellate attorneys as to the most promising appeal issues. *See id.,* 463 U.S. at 754, 103 S.Ct. at 3314; *Tsirizotakis v. Le Fevre,* 736 F.2d 57, 65 (2d Cir.), *cert. denied,* 469 U.S. 869, 105 S.Ct. 216, 83 L.Ed.2d 146 (1984). Thus, a petitioner may establish constitutionally inadequate performance only by showing that appellate counsel "omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker." *Mayo v. Henderson,* 13 F.3d at 533.

---

3. Benn's submissions to the Court are extremely well-written and articulate, and thus it seems clear that Benn understood what was sought by my May 4, 1995 Order.

■ Benn fails to satisfy the first prong of the *Strickland* test, *i.e.*, showing that his appellate counsel's performance fell below an objective standard of reasonableness. Far from falling below an objective standard of reasonable competence, Benn's appellate counsel from the Legal Aid Society chose three relevant and promising issues for appeal, and presented those issues in a well-reasoned brief containing the most current case law. (*See* 3/84 Brief at 10–14.)

The three issues presented by Benn's appellate counsel were: (1) the voluntariness and admissibility of Benn's confession;[4] (2) the prejudicial effect of admitting evidence at trial of a subsequent crime and the court's refusal to give a limiting instruction;[5] and (3) the excessiveness of Benn's sentence. The due process rights and the privilege against self incrimination implicated in the first two appeal points are standard and frequently successful appeal points in many criminal trials. Further, counsel properly appealed the length of the sentence, since Benn was given the maximum sentences for his offenses. Defense counsel's lack of success on appeal provides no reason to second-guess his judgment in raising these issues. *See Curzi v. United States*, 773 F.Supp. 535, 542 (E.D.N.Y.1991). Benn does not claim that he urged his appellate counsel to not raise these issues and instead to raise his alleged absence from part of the trial.[6]

Thus, the issues raised by Benn's appellate counsel on his direct appeal were appropriate, and the Court will not second guess counsel's professional judgment. Nevertheless, the Court also must examine whether in not raising the claim that Benn allegedly was absent from trial during summation and the jury charge, appellate counsel omitted a "significant and obvious" issue significantly stronger than the issues he did raise, and whether there is a "reasonable probability" that raising that issue on appeal would have been successful.

■ It is black-letter law that a defendant in a criminal proceeding enjoys a right to be present at all stages of trial, pursuant to the Sixth Amendment's confrontation clause, the New York State Constitution's confrontation clause and state statutes. *E.g., Illinois v. Allen*, 397 U.S. 337, 338, 90 S.Ct. 1057, 1058, 25 L.Ed.2d 353 (1970); *Polizzi v. United States*, 926 F.2d 1311, 1318 (2d Cir.1991); *United States v. Fontanez*, 878 F.2d 33, 35 (2d Cir.1989); *People v. Parker*, 57 N.Y.2d 136, 139, 454 N.Y.S.2d 967, 969, 440 N.E.2d 1313, 1314 (1982); *People v. Mullen*, 44 N.Y.2d 1, 4, 403 N.Y.S.2d 470, 472, 374 N.E.2d 369, 371 (1978); N.Y.CPL §§ 260.20, 340.50. Thus, a defendant who is not present at the closing argument and jury charge phases of trial (and who has not voluntarily waived his presence or waived his right by disorderly conduct) is entitled to the reversal of his conviction and remand for a new trial. *See, e.g., United States v. Fontanez*, 878 F.2d at 38.

■ New York courts, however, have long recognized the "presumption of regularity" attached to criminal proceedings, which may only be overcome by "substantial evidence to the contrary." *People v. Harris*, 61 N.Y.2d 9, 16, 471 N.Y.S.2d 61, 64, 459 N.E.2d 170, 173 (1983); *People v. Smyth*, 3 N.Y.2d 184, 187, 164 N.Y.S.2d 737, 739, 143 N.E.2d 922, 924 (1957). Furthermore, on appeal in criminal cases, the appellant bears the "burden to present a clear factual record for review." *People v. Hentley*, 155 A.D.2d 392, 393–94, 547 N.Y.S.2d 876, 878 (1st Dep't. 1989); *see also, e.g., People v. Olivo*, 52

---

**4.** After an investigator read Benn his Miranda rights, the investigator said: "Ronald, you're facing 25 years to life ... for killing Gloria Griffin. I am not promising you anything, but if you cooperate, I will tell the assistant district attorney about it. I can't—*it can't hurt you, but it can help you.*" (3/84 Brief at 4, emphasis added.)

**5.** The trial court allowed the prosecution to bring out details of a subsequent crime committed by Benn because he was arrested for the crime for which he was being tried while committing a subsequent armed robbery with accomplices. (Tr. at 48–52, 60–65.)

**6.** *See Curzi v. United States*, 773 F.Supp. at 542 ("Moreover, although petitioners here do not contend that they urged counsel to argue the illegality of the search of the Cleveland residence on appeal, it is instructive to note that appellate counsel cannot be faulted for not pursuing even claims which his or her client presses him to pursue.").

N.Y.2d 309, 320, 438 N.Y.S.2d 242, 247, 420 N.E.2d 40, 45 (1981).

■■■ Benn has not presented "substantial evidence" to overcome the presumption that he was present at the trial proceedings. Benn's only evidence of his absence is the court clerk's statement in the transcript that Benn was not present at the start of the session, at which only legal matters were discussed concerning the Court's proposed charge. (Tr. 451.) A criminal defendant, however, has no Constitutional or other right to be present when such matters of law are discussed. *See, e.g., Larson v. Tansy,* 911 F.2d 392, 395 (10th Cir.1990); *People v. Williams,* 85 N.Y.2d 945, 947, 626 N.Y.S.2d 1002, 1004 (1995); *People v. Velasco,* 77 N.Y.2d 469, 472, 568 N.Y.S.2d 721, 722, 570 N.E.2d 1070, 1071 (1991). Benn's argument hinges on the court clerk's failure to state whether Benn reentered the courtroom when the jury did, prior to the summations. (*See* Tr. 455–56.) Benn maintains that since the court clerk noted his presence at other court sessions and after the lunch recess following the court's charge (Tr. 536), Benn must not have been present at the summations and jury charge because the court clerk did not so note.

■■■ The law in New York is clear, however, that a court clerk's or court reporter's failure to note a defendant's presence is insufficient to rebut the presumption of regularity. *See, e.g., People v. Diaz,* 212 A.D.2d 412, 622 N.Y.S.2d 686, 687 (1st Dep't 1995) (defendant's claim that Spanish interpreter not present at sentencing is denied; while transcript first indicates interpreter's presence in the latter pages, "defendant failed to rebut the presumption of regularity that the interpreter was present when the proceedings commenced and that the entry regarding the interpreter's presence was made by the stenographer belatedly"); *People v. Robinson,* 191 A.D.2d 523, 523, 595 N.Y.S.2d 56, 57 (2d Dep't 1993) (defendant could not overcome presumption of regularity despite the

fact that *Sandoval* hearing minutes did not indicate whether or not he was present, and defendant offered "no additional evidence supporting his conclusory assertion that he was not present"); *People v. Pichardo,* 168 A.D.2d 577, 577, 562 N.Y.S.2d 792, 793 (2d Dep't 1990) ("Although during trial, the court clerk did not, on certain occasions, ministerially record that the defendant was present in the courtroom, the defendant offers no additional evidence supporting his conclusory assertion that he was absent on the days in question and has thereby failed to rebut the presumption of regularity which attached to the proceedings.").[7]

The affidavits filed at the Court's request support the conclusion that Benn has not presented substantial evidence to overcome the presumption of regularity of the trial. Benn's trial attorney stated that he did not recall any case in which his client had been absent from part of the trial. (*See* Gadlin Aff. ¶ 6.) Further, the trial prosecutor stated that he remembered only one trial where the defendant was not present for summation and the charge to the jury, and it was not Benn's case. (Brennan Aff. ¶ 3.) Finally, although this Court directed Benn to file a supplemental affidavit stating whether he was present during summation and the jury charge, Benn's affidavit did not directly state that he was not present during summation and the jury charge; his affidavit merely referred to the statements in the trial transcript. (Benn Aff. at 1.) That is not sufficient. *See People v. Pacheco,* 204 A.D.2d 577, 612 N.Y.S.2d 179, 180 (2d Dep't 1994) (where defense counsel and prosecution swore defendant was present when court gave supplemental instructions to jury and defendant did not testify on the issue, court found that defendant was present for the instructions). Indeed, even if Benn had clearly and unequivocally sworn that he was not present, that would not be sufficient to overcome the presumption of regularity. *See* cases cited on pages 13–14 above.

7. This Court further notes that Benn failed to present this issue for a period exceeding twelve years after his conviction, even in previous appeals to the state court. While this fact does not bar his habeas petition, "delays and failure to raise issues can be taken into account by a court ruling on a motion for collateral relief." *See Pacelli v. United States,* 588 F.2d 360, 365 (2d Cir.1978).

I conclude that Benn has failed to meet his burden to produce substantial evidence to overcome the presumption of regularity in the trial below. Had his appellate counsel raised this issue on direct appeal, there is not a reasonable probability that it would have been successful. Appellate counsel was not ineffective in failing to raise this issue. Thus, I recommend that Benn's petition for a writ of habeas corpus be denied.

### *FILING OF OBJECTIONS TO THIS RE-PORT AND RECOMMENDATION*

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from receipt of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Sidney H. Stein, 500 Pearl Street, Room 2210, and to the chambers of the undersigned, 40 Centre Street, Room 540. Any requests for an extension of time for filing objections must be directed to Judge Stein. Failure to file objections may result in a waiver of those objections for purposes of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *IUE AFL–CIO Pension Fund v. Herrmann,* 9 F.3d 1049, 1054 (2d Cir.1993), *cert. denied,* —— U.S. ——, 115 S.Ct. 86, 130 L.Ed.2d 38 (1994); *Frank v. Johnson,* 968 F.2d 298, 300 (2d Cir.), *cert. denied,* 506 U.S. 1038, 113 S.Ct. 825, 121 L.Ed.2d 696 (1992); *Wesolek v. Canadair Ltd.,* 838 F.2d 55, 57–59 (2d Cir.1988); *McCarthy v. Manson,* 714 F.2d 234, 237–38 (2d Cir.1983).

Dated: New York, New York

July 17, 1995