■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY COFFIN, Appellant. [695 NYS2d 157] —Carpinello, J. Appeal from a judgment of the County Court of Albany County (Sheridan, J.), rendered May 8, 1996, upon a verdict convicting defendant of the crimes of assault in the second degree and criminal possession of a weapon in the third degree.

Found guilty of assault in the second degree and criminal possession of a weapon in the third degree following a jury trial, defendant appeals contending that this verdict is legally insufficient and against the weight of the evidence. We disagree.

It was established at trial that on April 20, 1995, the victim and his friend, Patrick Leigh, were walking down the street in the City of Albany when they observed defendant, whom the victim knew, in his van making lewd gestures and comments at them. Defendant then emerged from the van armed with a large object described by the pair as a wooden club or table leg. When the two fled, defendant took chase, eventually following the victim into, and chasing him around, a local grocery store. After the store owner kicked them out for "fighting", defendant left first. When the victim emerged shortly thereafter, defendant struck him in the back of the head fracturing his skull. Although the victim did not know the identity of his assailant, Leigh unequivocally testified at trial that defendant "whack[ed]" the victim with the wooden club on the back of the head. The store owner confirmed that two individuals were in his store on the afternoon in question and that one was chasing the other with what the owner described as a baseball bat. The store owner further confirmed that the individual armed

with the bat left the store first, hit the other individual with the bat outside the store and then fled in a van. Significantly, the owner indicated that no other individual was involved in this incident.

Defendant testified on his own behalf at trial and contradicted the testimony of these witnesses. While he admitted that he chased the victim and Leigh with a baseball bat and followed the victim into and around the store, he denied chasing him with the intent to beat him and claimed that, once outside the store, the victim was injured during a struggle between himself, Leigh and the victim. Defendant presented one witness to corroborate his version of events, a jailmate with an extensive criminal history dating back to 1973 who claimed that he was outside the store on the day in question. On the question of legal sufficiency, we view the evidence in a light most favorable to the People (*see*, *People v Thompson*, 72 NY2d 410, 413) and apply the test of whether there was "any valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury * * * and as a matter of law satisfy the proof and burden requirements for every element of the crime[s] charged" (*People v Bleakley*, 69 NY2d 490, 495). The foregoing testimony provided ample support for the jury's verdict convicting defendant of assault in the second degree (*see*, Penal Law § 120.05 [2]) and criminal possession of a weapon in the third degree (*see*, Penal Law § 265.02 [1]). On the question of the weight of the evidence, we note that the jury obviously disregarded the testimony of defendant and his comrade, making credibility determinations which are solely within their province (*see, e.g.*, *People v Quinones*, 256 AD2d 634, 635, *lv denied* 93 NY2d 878). Upon the exercise of our own factual review power, we have no reason to disagree and are satisfied that the verdict is not against the weight of the evidence (*see*, *People v Bleakley*, *supra*, at 495; *see also*, CPL 470.15 [5]).

Peters, J. P., Spain and Graffeo, JJ., concur. Ordered that the judgment is affirmed.