(June 15, 2000)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL L. MALDONADO, Appellant. [711 NYS2d 191] —Lahtinen, J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered June 13, 1997, upon verdicts convicting defendant of the crimes of criminal sale of a controlled substance in the third degree, aggravated harassment of an employee by an inmate, resisting arrest, criminal mischief in the fourth degree and criminal possession of a controlled substance in the seventh degree.

In July 1996 defendant was arrested by Officer John Taylor of the Binghamton City Police Department in Broome County for disorderly conduct. Taylor testified that defendant resisted being handcuffed, kicking at Taylor during the arrest process and prior to being placed in the police van for transfer to the police station, and deliberately banged his head several times against the side of the van causing damage to the vehicle.

During the trip to the police station defendant deliberately banged his head on a sharp corner in the rear portion of the

van opening a cut on his head. Upon defendant's arrival at the station he was placed in a secure "lockup" area adjacent to the booking desk for further processing. The testimony and a videotape of defendant's stay in the lockup area established that defendant continuously spit blood and spittle around the lockup area, toward the cage separating the booking area from the lockup and at the personnel in that area, including Officer William Curly who was working the desk area. He also continued to yell, scream and swear at the police personnel, bang his head against the wall and kick the cage and door in the lockup. Defendant was subsequently arraigned in the lockup by a local Judge and transferred to the County Jail. As a result of this incident defendant was indicted in September 1996 for the felony of aggravated harassment of an employee by an inmate (Penal Law § 240.32),* misdemeanor charges of resisting arrest, two counts of criminal mischief in the fourth degree (for damages to the police van and lockup door caused by defendant), criminal possession of a controlled substance in the seventh degree (as a result of cocaine residue found in a bag taken from defendant during a "pat frisk" by the police) and the violation of disorderly conduct.

In September 1996, while released and awaiting trial on these charges, defendant allegedly sold crack cocaine to undercover Police Officer Gary Segrue. This resulted in a November 1996 indictment charging him with one felony count of criminal sale of a controlled substance in the third degree.

In March 1997 defendant was convicted of criminal sale of a controlled substance in the third degree after a jury trial. A subsequent jury trial in April 1997 on the September 1996 indictment resulted in defendant's conviction of aggravated harassment of an employee by an inmate, resisting arrest, one count of criminal mischief in the fourth degree and criminal possession of a controlled substance in the seventh degree. In June 1997 a sentencing hearing was held on both convictions. Defendant was sentenced on his conviction for aggravated harassment of an employee by an inmate to an indeterminate prison term of 2 to 4 years and received a concurrent one-year jail sentence on the resisting arrest conviction. The criminal mischief and criminal possession of a controlled substance convictions resulted in a sentence of a conditional discharge. On his conviction for criminal sale of a controlled substance in the third degree, defendant was sentenced to an indeterminate term of imprisonment of 8 to 16 years. The two terms of

---

* The indictment correctly stated the Penal Law section but incorrectly described the charge as aggravated harassment in the first degree.

imprisonment were directed to run consecutively. Defendant now appeals.

Defendant claims that the evidence at his first trial was insufficient to sustain his conviction on the charge of criminal sale of a controlled substance in the third degree. Viewing the trial evidence in the light most favorable to the People (*see, People v Harper*, 75 NY2d 313, 316), we find that "there is [a] valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial * * * and as a matter of law satisfy the proof and burden requirements for every element of the crime charged" (*People v Bleakley*, 69 NY2d 490, 495 [citation omitted]; *see, People v Contes*, 60 NY2d 620, 621). Defendant claims that two undercover police officers purchased "phony" crack cocaine (a piece of sheetrock) from him and real cocaine from the person accompanying defendant, and that in retaliation for defendant duping one of the undercover police officers in the same fashion some 12 days earlier the officers falsely testified that the cocaine purchased from defendant's companion was purchased from defendant. The officers testified that they field tested the substance purchased from defendant in their vehicle immediately after the purchase and it tested positive as cocaine. A State Police forensic chemist from the State Police laboratory testified that the test results performed on the substance purchased from defendant confirmed it was cocaine. In response to this proof, defendant testified that he sold the officers sheetrock, not cocaine, and could not have sold cocaine because he was so addicted to the substance that he immediately consumed any cocaine which came into his possession.

The jury resolved the credibility issue raised by the testimony (*see, People v Bradley*, 272 AD2d 635, 636 ) in favor of the People and great deference is accorded their opportunity to view the witnesses' demeanor and listen to the testimony (*see, People v Bleakley, supra*, at 495). We find nothing in the record requiring us to disturb the verdict.

Defendant's claim that the verdict was against the weight of the evidence is similarly unavailing. Our independent factual review of the evidence reveals that the verdict was not against the weight of the evidence (*see, People v White*, 261 AD2d 653, 657, *lv denied* 93 NY2d 1029).

We have reviewed defendant's remaining contentions regarding his conviction for criminal sale of a controlled substance in the third degree, including those raised in his *pro se* brief, and find them to be without merit.

Defendant next challenges his conviction after his second trial in April 1997 for the felony of aggravated harassment of an employee by an inmate and the misdemeanors of resisting arrest, criminal mischief in the fourth degree and criminal possession of a controlled substance in the seventh degree. Defendant claims (1) that County Court erred by failing to order an examination pursuant to CPL 730.30 (1) to determine his mental competency to proceed, (2) that Penal Law § 240.32 is unconstitutional, being so vague as to violate the principles of due process, and (3) that defendant was not an "inmate", the alleged victim was not an "employee" and the incident did not occur in a "facility" as those terms are defined for the purposes of Penal Law § 240.32. In his *pro se* brief, defendant also contends that his trial counsel was ineffective by failing to move to dismiss the misdemeanor counts of the indictment on speedy trial grounds.

Defendant claims that a *sua sponte* mental competency examination should have been ordered by County Court or by City Court at defendant's arraignment on the initial criminal complaint at the police station lockup on July 12, 1996. Defendant's counsel's brief cites several examples of defendant's allegedly aberrant behavior that he claims should have triggered the CPL 730.30 (1) examination including (1) defendant's banging his head several times on the outside of the police van, (2) defendant's hitting his head on a sharp corner inside the police van causing a laceration as he was being transported after his arrest, (3) defendant's actions in the police department lockup area spitting blood and saliva and kicking the metal door to this area, (4) defendant's rejection of a plea bargain for the remaining charges which promised a sentence to run concurrently with the yet to be imposed sentence resulting from his conviction after the first trial, and (5) the fact that it was necessary for a Judge to be brought to the lockup to arraign him.

We find no error committed by either County Court or City Court in failing to question defendant's mental competency. The ordering of a competency examination under CPL 730.30 (1) lies within the discretion of the trial court (*see, People v Morgan*, 87 NY2d 878, 879) and there is no absolute right to such an examination which should be ordered only when reasonable grounds exist to believe that a defendant is incapacitated (*see, People v Armlin*, 37 NY2d 167, 168, 171). A defendant is presumed sane or competent (*see, People v Gelikkaya*, 84 NY2d 456, 459) and "the 'test must be whether he has sufficient present ability to consult with his lawyer with a reason-

able degree of rational understanding and whether he has a rational as well as factual understanding of the proceedings against him' " (*People v Francabandera*, 33 NY2d 429, 436, quoting *Dusky v United States*, 362 US 402).

Our review of the record encompassing the pretrial proceedings, both trials and defendant's sentencing reveals that while defendant could be characterized as belligerent, arrogant, obnoxious or nasty at various stages of these proceedings, he was oriented and displayed intelligence and judgment in making a myriad of decisions including such a crucial one as rejecting an offered plea bargain involving no additional jail time after his conviction in the first trial. A review of the record in light of the factors set forth in *People v Picozzi* (106 AD2d 413, 414), which defendant cites in support of his argument that County Court and City Court erred in failing to have his competency evaluated, supports the conclusion that neither court abused its discretion in not ordering a CPL 730.30 (1) examination of defendant, *sua sponte*.

Defendant next argues that the People failed to establish beyond a reasonable doubt that at the time of his alleged violation of Penal Law § 240.32, aggravated harassment of an employee by an inmate, defendant (1) was an inmate as defined in the statute, (2) was in a correctional facility or local correctional facility, or (3) that the alleged victim was an employee as contemplated by the statute. We find on this record defendant was not an "inmate" as that term is defined in Penal Law § 240.32 and are constrained to reverse his conviction and sentence on that charge.

Although defendant's repugnant conduct falls squarely within the intent of the statute, its restrictive language excludes this defendant from its application. Penal Law § 240.32 defines the term "inmate" as "an inmate in a correctional facility, local correctional facility or a hospital, as such term is defined in subdivision two of section four hundred of the correction law". The term "inmate" is elsewhere defined as "a person committed to the custody of the department of correctional services, or a person convicted of a crime and committed to the custody of the sheriff, the county jail, or a local department of corrections" (Correction Law § 400 [5]), as "a person convicted of a felony and incarcerated in a state correctional facility" (Correction Law former § 149-a [repealed by L 1988, ch 1, § 43]) and as "a male or female offender who is committed, under sentence to or confined in a penal or correctional institution" for purposes of the Interstate Corrections Compact (Correction Law § 102 [d]). At the time of defendant's

actions in the Binghamton Police Station lockup he was under arrest for disorderly conduct and resisting arrest and was being detained pending arraignment on those charges. Contrary to the position urged by the People, his detention in such lockup does not, in and of itself, confer upon him the status of "inmate" as that term is defined in Penal Law § 240.32, or any other statute.

We have reviewed defendant's other arguments pertaining to the charges for which he was convicted in his second trial, including those raised in his *pro se* supplemental brief, and find them to be without merit.

Crew III, J. P., Graffeo, Mugglin and Rose, JJ., concur. Ordered that the judgment is modified, on the law and the facts, by reversing so much thereof as convicted defendant of the crime of aggravated harassment of an employee by an inmate; the first count of indictment No. 96-537 is dismissed; and, as so modified, affirmed.

