■ The People of the State of New York, Respondent, v Dwayne Berry, Appellant. [709 NYS2d 554] —Judgment, Su-

preme Court, New York County (Felice Shea, J.), rendered May 21, 1999, convicting defendant, after a jury trial, of robbery in the second degree (two counts) and one count of robbery in the third degree, and sentencing him, as a persistent violent felony offender, to two concurrent terms of 20 years to life on the second-degree robbery convictions concurrent with a term of 14 years to life on the third-degree robbery conviction, unanimously modified, on the law, to the extent of vacating defendant's conviction for robbery in the third degree and dismissing that count, and otherwise affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. The evidence clearly established the element of physical injury required for robbery in the second degree (*see, People v Guidice,* 83 NY2d 630, 636; *People v Valentine,* 212 AD2d 399, *lv denied* 85 NY2d 944; *People v Pope,* 174 AD2d 319, *lv denied* 78 NY2d 1079). The complaining witness testified that he was bleeding from his mouth after having been punched in the lip, which was corroborated by the police officer's testimony that his mouth was bleeding extensively. Furthermore, the complaining witness testified that his temple was sore from having been punched in the head and that his back was sore following the struggle.

The court's *Sandoval* ruling, permitting only limited inquiry into defendant's extensive criminal record balanced the appropriate factors and was a proper exercise of discretion (*see, People v Walker,* 83 NY2d 455, 458-459; *People v Mattiace,* 77 NY2d 269, 275-276; *People v Pavao,* 59 NY2d 282, 292). Defendant's theft-related convictions were highly relevant to credibility, and his specialization in theft-related crimes did not entitle him to be shielded from relevant impeachment.

We perceive no abuse in sentencing discretion. As the People concede, since robbery in the third degree is a lesser included offense of robbery in the second degree, defendant's conviction thereon must be vacated and the count dismissed. Concur—Nardelli, J. P., Ellerin, Lerner, Buckley and Friedman, JJ.