■ The People of the State of New York, Respondent, v Paula M. Hinkein, Appellant. [743 NYS2d 897] —Crew III, J.P. Appeal from a judgment of the County Court of Columbia County (Leaman, J.), rendered February 15, 2001, convicting defendant upon her plea of guilty of the crimes of criminal sale of a controlled substance in the third degree (three counts) and endangering the welfare of a child.

As a result of two cocaine transactions in the City of Hudson, Columbia County, defendant was charged with various drug-related crimes, as well as endangering the welfare of a child. In full satisfaction of the indictment, defendant pleaded guilty to three felony counts of criminal sale of a controlled substance in the third degree and a misdemeanor count of endangering the welfare of a child. Defendant thereafter was sentenced as a second felony offender to 6 to 12 years in prison for the felony convictions and a one-year jail term for the misdemeanor conviction, to run concurrently. This appeal ensued.

Defendant contends that because her competency was at issue, County Court erred in accepting her guilty plea without first following the procedures set forth in CPL 730.20. We disagree. It is well settled that "whenever a court has a 'reasonable ground for believing that a defendant is in such state of idiocy, imbecility or insanity that he is incapable of understanding the charge, indictment or proceedings or of making his defense, it is the duty of the court to direct him to be examined in these respects' " (*People v Tortorici*, 92 NY2d 757, 765, *cert denied* 528 US 834, quoting *People v Smyth*, 3 NY2d 184, 187). A defendant, however, is presumed competent (*see*, *People v Morgan*, 87 NY2d 878, 880; *People v Maldonado*, 273 AD2d 537, 540, *lv denied* 95 NY2d 867) and "is not entitled, as a matter of right, to have the question of his capacity to stand trial passed upon * * *ˉif the court is satisfied from the available information that there is no proper basis for questioning the defendant's sanity" (*People v Armlin*, 37 NY2d 167, 171; *see*, *People v Horan*, 290 AD2d 880, 882).

After defendant indicated in proceedings before County Court in January 2001 that she had been taking medication and was under the care of mental health professionals for manic depression the previous summer, the court adjourned the matter to give defense counsel an opportunity to obtain further information. When proceedings resumed, defense counsel provided the court with correspondence from two social workers who indicated, respectively, that no mental status abnormalities were present and that defendant was rational and coherent. Under these circumstances, we conclude that County

Court did not abuse its discretion in failing to go further and have defendant examined pursuant to CPL 730.20 (1) (*see, People v Maldonado, supra* at 540-541). Indeed, during the course of the plea colloquy, defendant responded capably to the questions put to her by County Court, evidenced no indication of mental impairment (*see, People v Young*, 257 AD2d 764, *lv denied* 93 NY2d 931) and proceeded to enter a knowing, voluntary and intelligent plea of guilty. Accordingly, we discern no basis upon which to disturb the underlying plea. Likewise, given defendant's criminal history and use of a 12-year-old child as a drug courier, we find that the sentence imposed was neither harsh nor excessive (*see, People v Smith*, 288 AD2d 693, *lv denied* 97 NY2d 761; *People v Spann*, 287 AD2d 880, 881).

Peters, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.