■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK DALEY, Appellant. [755 NYS2d 749] —Spain, J. Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered April 7, 2000, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree.

Defendant was charged by indictment with promoting prison contraband in the first degree for possessing an 8$\frac{1}{2}$-inch sharpened metal rod. Defendant entered a plea of guilty in full satisfaction of the indictment and, consistent with the plea

agreement, was sentenced as a second felony offender to a prison term of 1½ to 3 years.

On this appeal, defendant first contends that County Court erred when it twice refused defense counsel's requests for a CPL article 730 examination to assess defendant's competence to stand trial. We disagree. The ordering of a CPL article 730 competency examination lies within the sound discretion of the trial court (*see People v Tortorici*, 92 NY2d 757, 766, 769, *cert denied* 528 US 834; *People v Morgan*, 87 NY2d 878, 879-880; *People v Horan*, 290 AD2d 880, 882-883, *lv denied* 98 NY2d 638; *People v Maldonado*, 273 AD2d 537, 540, *lv denied* 95 NY2d 867) and is warranted only when the court has reasonable grounds to believe that the defendant does not have the capacity to stand trial (*see People v Morgan*, *supra* at 880; *People v Armlin*, 37 NY2d 167, 171; *People v Hinkein*, 295 AD2d 811, 811, *lv denied* 99 NY2d 536; *see also* CPL 730.10 [1]; 730.30 [1]).

In this case, defense counsel's initial request for a CPL article 730 examination was based on defendant's behavior at the arraignment—characterized by defense counsel as "bizarre" but by County Court as "defiant"—and defense counsel's second request for a competency examination was made at a court appearance where defendant's remarks and behavior were concededly lucid. Defense counsel's statement at the time of the second request—that, following his arraignment, defendant had been housed in the psychiatric unit of the correctional facility for 10 days—did not, without more, compel a competency examination (*see People v Wheeler*, 249 AD2d 774). Defendant's remarks and conduct at his court appearances were lucid and oriented, albeit argumentative and critical of the legal system, but not delusional nor suggestive of mental impairment requiring a competency hearing, and defendant's allocution evidenced a knowing, voluntary and intelligent guilty plea. In our view, there was nothing in defendant's remarks or conduct to suggest that as a result of mental disease or defect he lacked the capacity to understand the proceedings against him or to assist in his own defense (*see* CPL 730.10 [1]; *People v Smyth*, 3 NY2d 184, 187; *see also People v Carbonel*, 296 AD2d 858; *People v Hinkein*, *supra*; *People v Medina*, 249 AD2d 694). Accordingly, we discern no abuse of discretion in County Court's refusal to order a CPL article 730 examination.

Defendant also contends that County Court should have held a CPL 400.21 hearing regarding the constitutionality of his prior convictions before sentencing him as a second felony offender. At sentencing, however, defendant himself admitted

in open court the predicate felony convictions (*see* CPL 400.21 [4]) and represented that, on his direct state court appeal of the predicates, he had unsuccessfully raised the same issue regarding the constitutionality of those convictions. Accordingly, defendant was not entitled to a CPL 400.21 hearing to relitigate claims already rejected by the courts of this state (*see People v Ryan*, 187 AD2d 765, *lv denied* 81 NY2d 846; *People v Di Giacomo*, 96 AD2d 1127, 1128) and, thus, County Court did not err when it sentenced him as a second felony offender without such a hearing.

Cardona, P.J., Crew III, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed.