■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TESFAY ABERA, Appellant. [768 NYS2d 702]—

Rose, J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered June 7, 2002 in Albany County, upon a

verdict convicting defendant of the crime of assault in the second degree.

Defendant's conviction of the crime of assault in the second degree resulted from an altercation during which the victim sustained a deep, 21-inch long laceration to his right arm. Following trial, Supreme Court denied defendant's motion to set aside the verdict pursuant to CPL 330.30 and then sentenced him to a prison term of seven years and three years of postrelease supervision.

On appeal, defendant argues that the evidence is insufficient to prove that he intentionally, rather than recklessly, caused serious physical injury to the victim. We disagree. There was testimony that defendant had been hostile towards the victim and his family throughout the day of the assault, pulled a knife on the victim's brother-in-law and drove his car into the rear of the victim's vehicle. In light of this, as well as testimony that defendant was then seen holding a crowbar and a knife just before swinging the crowbar at the victim and physically fighting with him, the trial evidence sufficiently demonstrated defendant's intent to physically injure the victim (*see People v Hogencamp,* 300 AD2d 734, 735 [2002]; *People v Coffin,* 263 AD2d 780, 781 [1999]).

Relying on his own testimony that he did not have a knife on the evening in question and the inability of police officers to find a knife at the scene, defendant also claims that the evidence is insufficient to establish that the victim's injury was caused by a deadly weapon or dangerous instrument rather than broken glass on the ground. The victim's brother-in-law testified, however, that he observed defendant holding a knife (*see People v Kranz,* 155 AD2d 555, 556 [1989], *lv denied* 76 NY2d 859 [1990]). Also, the physician who treated the victim at the emergency room testified that the victim's laceration was "a very straight wound" caused by a very sharp object, no remnants of glass were found in the victim's arm and the laceration was more consistent with a knife wound (*see People v Wade,* 274 AD2d 438, 439 [2000], *lv denied* 95 NY2d 939 [2000]; *People v Vincent [Jumont],* 231 AD2d 444, 445 [1996], *lvs denied* 89 NY2d 925, 931 [1996]). Thus, after reviewing both the sufficiency and the weight of the evidence (*see People v Bleakley,* 69 NY2d 490, 495 [1987]), we find no basis to disturb the verdict.

Defendant's remaining contentions, including his challenge to the severity of the sentence, have been considered and found to be unavailing.

Cardona, P.J., Crew III, Mugglin and Kane, JJ., concur. Ordered that the judgment is affirmed.