In the Matter of ASHLEY M., a Person Alleged to be a Juvenile Delinquent, Appellant. [825 NYS2d 748]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Spodek, J.), entered June 1, 2005, which, upon a fact-finding order of the same court (O'Donoghue, J.) entered April 15, 2005 finding that the appellant committed acts which, if committed by an adult would have constituted the crimes of assault in the second degree pursuant to Penal Law § 120.05 (3), assault in the third degree pursuant to Penal Law § 120.00 (1), obstruction of governmental administration in the second degree pursuant to Penal Law § 195.05, resisting arrest pursuant to Penal Law § 205.30, and theft of services pursuant to Penal Law § 165.15 (3), adjudged her to be a juvenile delinquent, and conditionally discharged her for a period of 12 months. The appeal brings up for review the fact-finding order dated April 15, 2005.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Contrary to the appellant's contentions, viewing the evidence in the light most favorable to the presentment agency (*cf. People v Contes,* 60 NY2d 620 [1983]; *Matter of Jamal C.,* 186 AD2d 562 [1992]), we find that it was legally sufficient to establish, beyond a reasonable doubt, the "physical injury" element of the crimes of assault in the second degree and assault in the third

degree (*see* Penal Law § 120.05 [3]; § 120.00 [1]). "[P]hysical injury" is defined as "impairment of physical condition" or "substantial pain" (*see* Penal Law § 10.00 [9]). The complainant's testimony established that he was punched in the face, which caused him to bite down and sustain a half-inch laceration to his tongue resulting in swelling and "stinging pain" which the emergency room record denominated as pain level "5." In addition, he incurred a contusion of the left thumb which remained painful and swollen with a restricted range of motion for several days. This evidence was sufficient to support the determination that the complainant sustained a "physical injury" within the meaning of Penal Law § 10.00 (9) (*see People v Ellis*, 8 AD3d 826, 828-829 [2004]; *People v Berry*, 273 AD2d 120, 121 [2000]; *Matter of Tyrone T.*, 233 AD2d 451 [1996]; *People v Pacheco*, 204 AD2d 577, 578 [1994]; *Matter of Jason J.*, 187 AD2d 652, 653 [1992]).

The appellant's remaining contentions are without merit. Florio, J.P., Adams, Goldstein and Lunn, JJ., concur.