■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CORNELL KELLY, Appellant. [980 NYS2d 791]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Erlbaum, J.), rendered May 5, 2010, convicting him of assault in the second degree, assault in the third degree, and petit larceny, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's argument with respect to the legal sufficiency of the evidence establishing that he used a "dangerous

instrument" to injure the complainant as required to support his conviction of assault in the second degree (Penal Law § 120.05 [4]) is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10, 20-21 [1995]), and, in any event, without merit (*see People v Cephas*, 107 AD3d 821 [2013]; *People v Warren*, 98 AD3d 634, 637 [2012]; *People v Phillips*, 256 AD2d 733, 735 [1998]). With respect to the defendant's remaining arguments regarding the legal sufficiency of the evidence, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish that the defendant committed the crimes of assault in the second degree (Penal Law § 120.05 [4]; *see People v Abera*, 2 AD3d 1155, 1156 [2003]; *People v Di Bella*, 277 AD2d 699, 702 [2000]; *People v Cunningham*, 222 AD2d 727, 728 [1995]; *People v Acton*, 149 AD2d 839, 841 [1989]), assault in the third degree (Penal Law § 120.00 [1]; *see People v Chiddick*, 8 NY3d 445, 447 [2007]; *People v Bernadotte*, 107 AD3d 1012 [2013]; *People v Valencia*, 50 AD3d 1163 [2008]; *People v Berry*, 273 AD2d 120, 121 [2000]; *People v Brown*, 243 AD2d 749 [1997]), and petit larceny (Penal Law § 155.25; *see People v Brooks*, 79 NY2d 1043, 1045 [1992], *cert denied* 506 US 899 [1992]; *People v Perez*, 93 AD3d 1032, 1035-1036 [2012]; *People v Livigni*, 288 AD2d 323, 324 [2001]).

Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the fact-finder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt as to all of the crimes was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). Dillon, J.P., Balkin, Cohen and Hinds-Radix, JJ., concur.